IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EDWARD KENT HAUERSPEGER, | § | |
| A/K/A EDWARD K. LaFONTAINE, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-02-234 |
| | § | |
| JANIE COCKRELL, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondent. | § | |

## RESPONDENT COCKRELL'S MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), by and through her attorney, the Attorney General of Texas, and files this her Motion for Summary Judgment with Brief in Support.

### I.

### JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241 and 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by Petitioner, Edward Kent Hauerspeger a/k/a Edward K. LaFontaine ("Hauerspeger"), except those supported by the record and those specifically admitted herein.

### III.

### STATEMENT OF THE CASE

The Director has lawful custody of Hauerspeger pursuant to a judgment and sentence from the 138th District Court of Cameron County, Texas, in cause number 96-CR-1627-B, styled *The State of Texas v. Edward K. LaFontaine, AKA: Edward Kent Hauerspeger. Ex parte LaFontaine*, Application No. 52,015-01, at 51-54 (Judgment Revoking Supervision). Hauerspeger charged with the felony offense of sexual assault. *Id.* at 26-27 (Indictment). He entered a plea of "not guilty" to the charge before a jury. *Id.* at 44-50 (Judgment on Jury Verdict). On April 4, 1997, the jury, finding him guilty, sentenced Hauerspeger to ten years imprisonment, which was then probated for that same time period. *Id.* at 21, 37, 43-50. It appears that Hauerspeger did not appeal the judgment on the jury's verdict of guilt. *See generally id.* at 21-25 (Criminal Docket Sheet). Hauerspeger's probation was subsequently revoked on May 10, 1999 for violating conditions of his probation, and the trial court sentenced Hauerspeger to ten years imprisonment. *Id.* at 24, 51-54.

Hauerspeger appealed his revocation proceeding. Fed. Writ Pet. at 2. On March 1, 2001, the Thirteenth Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion. *LaFontaine v. State*, No. 13-99-00329-CR (Tex. App.–Corpus Christi 1999, no pet.), 2001 Tex. App. LEXIS 1387; *Ex parte LaFontaine*, at 56-66 (copy of appellate opinion). A motion for rehearing was overruled on April 12, 2001. *See* Exhibit A (copy of court of appeals' event information sheet). Hauerspeger did not file a petition for discretionary review ("PDR"). Exhibit B (deputy clerk's affidavit).

Hauerspeger filed his only application for habeas corpus relief in state court challenging the instant conviction on January 29, 2002. *Ex parte LaFontaine*, at 1. The Texas Court of Criminal Appeals dismissed the application on April 24, 2002 because his direct appeal was pending. *Id.* at cover. Subsequently, Hauerspeger filed this federal petition

with the court on or about August 13, 2002.  Fed. Writ Pet. at 9.

## IV.

## PETITIONER'S ALLEGATIONS

The Director understands Hauerspeger to allege the following grounds of error:

1.   His conviction was obtained by the use of evidence gained pursuant to an unconstitutional search or seizure;

2.   His conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest;

3.   His conviction was obtained by a violation of the privilege against self-incrimination;

4.   His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant and by malicious prosecution;

5.   He was denied effective assistance of counsel;

6.   He was denied the right of appeal;

7.   His conviction was obtained by use of prior "consistent statements of witnesses";

8.   The State failed to use due diligence to prosecute;

9.   His sentence "punishment" is illegal;

10.  He has been denied time credit on his sentence;

11.  There was insufficient evidence;

12.  The prosecution and defense counsel were given different times to speak; and

13.  He was denied access to the courts and legal materials until after his conviction.

Fed. Writ Pet. at 6-7.

## V.

## STATE COURT RECORDS

The Director includes copies of Hauerspeger's state court records, *Ex parte LaFontaine*, No. 52,015-01, and *LaFontaine v. State*, No. 13-99-00329-CR, with this motion for the court. Copies of the record have not been forwarded to Hauerspeger.

## VI.

## EXHAUSTION/PROCEDURAL DEFAULT

Because Hauerspeger's petition is barred by the federal habeas corpus statute of limitations, any inquiry into exhaustion is unnecessary to the resolution of this motion. The statute of limitations is a threshold issue which will preclude any consideration of the merits of Hauerspeger's claims. Pending consideration of the instant motion, the Director specifically reserves the right to argue whether Hauerspeger's claims are barred by the procedural default doctrine and whether Hauerspeger sufficiently exhausted his state court remedies as required by 28 U.S.C. Sections 2254(b) and (c).

## VII.

## MOTION FOR SUMMARY JUDGMENT

A.    **Standard of Review**

Hauerspeger executed his federal writ of habeas corpus on August 13, 2002 and filed it with the court on December 24, 2002. Fed. Writ Pet. at 9, 1, respectively. Consequently, his petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2061, 2068 (1997) (AEDPA does not apply to petitions filed before AEDPA took effect; "the new provisions of [the AEDPA] generally apply only to cases filed after the Act became effective"); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998) (AEDPA applies to a petition filed

4

by state prisoner after April 24, 1996); *United States v. DeLario*, 120 F.3d 580, 581 (5th Cir. 1997) (AEDPA applies to a petition filed by federal prisoner after April 24, 1996).

Moreover, a party moving for summary judgment bears the burden of informing the court of the basis for its motion and identifying pleadings and other record evidence that demonstrate the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).

Here, the record developed in the state court shows that the Director is entitled to judgment as a matter of law. After applying the relevant AEDPA standards, this court should dismiss Hauerspeger's federal writ petition with prejudice as time-barred.

**B.    Hauerspeger's claims are time-barred.**

It is unclear whether Hauerspeger's claims relate to the April 1997 judgment finding him guilty and placing him on probation or his May 1999 probation revocation proceeding. Regardless, the Director asserts that any challenge to either judgment is time-barred. Therefore, to expedite matters in this action, both will be addressed below.

The AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a State court. 28 U.S.C.§ 2244(d)(1) (2000). Section (d)(1) provides four different scenarios which start the running of the one-year limitations period, and the period runs from the latest of the four scenarios. 28 U.S.C. §2244(d)(1)(A)-(D).

As it relates to this motion, the AEDPA provides that:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

5

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2002).

First, applying the one-year limitation period contained within § 2244(d), to Hauerspeger's petition challenging the judgment entered on April 4, 1997 finding him guilty results in a conclusion that it is untimely and barred by the statute of limitations.  Some of Hauerspeger's allegations may relate to the validity of his April 4, 1997 sentence placing him on probation.  *Ex parte LaFontaine*, at 44-50.  Section 2244(d)(1)(A) provides that the one-year limitation period shall run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244 (d)(1)(A).  Under 28 U.S.C. §2244(d)(1)(A), Hauerspeger's conviction became final under the AEDPA on May 4, 1997, thirty days after the date the jury found him guilty and placed him on probation.  TEX. R. APP. P. 41(b)(1); TEX. R. APP. P. 26.2(a)(1) (West 1998).  Accordingly, the one-year limitation period for filing this federal petition began on May 4,

6

1997 and ended on May 4, 1998. Thus, pursuant to the AEDPA, the one-year statutory filing period expired May 4, 1998. 28 U.S.C. § 2244(1)(d)(A).

Further, it is not disputed that Hauerspeger's only state habeas application was filed on January 29, 2002. *See Ex parte LaFontaine*, at 1. However, it did not trigger tolling of the limitations period under 28 U.S.C. §2244(d)(2), because it was filed 1,366 days after the limitations period expired on May 4, 1998. Since Hauerspeger filed the instant action on August 13, 2002, he is 1,562 days late and thus untimely. *See* Fed. Writ Pet. at 9. [1]

Next, applying the one-year limitation period contained within § 2244(d), to Hauerspeger's petition challenging the judgment and sentence entered on May 10, 1999 revoking his probation again results in a conclusion that it is untimely and barred by the statute of limitations. Some of Hauerspeger's allegations also appear to relate to the validity of his May 10, 1999 judgment revoking supervision. *Ex parte LaFontaine*, at 51-54. As before, the one year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A).

In this instance, Hauerspeger's revocation of his community supervision was affirmed on March 1, 2001. *LaFontaine v. State*, No. 13-99-00329-CR; *see Ex parte LaFontaine*, at 56-66. Although Hauerspeger appealed his conviction, he did not file a PDR. *See* Exhibit B. The denial of Hauerspeger's motion for rehearing occurred on April 12, 2001. Exhibit A. Under 28 U.S.C. § 2244(d)(1)(A), Hauerspeger's conviction became final, at the latest, on May 12, 2001, at the conclusion of thirty days in which time he could have sought such review from the Texas Court of Criminal Appeals. TEX. R. APP. PROC. 68.2 (2001), *formerly*

---

[1]  The Fifth Circuit held "a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998). Therefore, the Director uses August 13, 2002, the date Hauerspeger executed his federal petition, as the controlling date for all calculations. Fed. Writ Pet. at 9.

TEX. R. APP. PROC. 202(b).[2] Accordingly, the one-year limitation period for filing a federal petition began May 12, 2001 and ended on May 12, 2002. Thus, pursuant to the AEDPA, the one-year statutory filing period expired May 12, 2002. 28 U.S.C. § 2244(1)(d)(A).

In certain instances, however, the one-year period for filing may be extended because the AEDPA allows for the tolling of the limitations period during the pendency of properly filed applications for state court collateral review: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2); *see also Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998) (tolling provision § 2244(d)(2) applies to the one-year reasonableness period). Thus, the statutory filing period may be extended beyond a straight one-year limitations period. The only way the deadline tolls is for Hauerspeger to have properly filed an application for state court collateral review during the one year period of May 12, 2001 to May 12, 2002.

In the instant case, Hauerspeger filed his state writ application on January 29, 2002. *See Ex parte LaFontaine*, at 1. The writ was later dismissed by the Texas Court of Criminal Appeals on April 24, 2002. *Id.* at cover. The state writ was thus pending for 86 days. When 86 days are added to the one-year grace period filing deadline of May 12, 2002, the new deadline for filing the federal writ petition is August 6, 2002. Subsequently, Hauerspeger executed his federal petition on August 13, 2002. Fed. Writ Pet. at 9. At the very latest, Hauerspeger's federal petition was due on or before August 6, 2002. Thus, when Hauerspeger mailed his petition on August 13, 2002, he exceeded the Fifth Circuit's "reasonable period" by 7 days, and his claims are time-barred.

---

[2] Motions for rehearing during direct review are expressly permitted. TEX. R. APP. PROC. 49.1 ("[a] motion for rehearing *may* be filed within 15 days after the court of appeals' judgment or order is rendered). (emphasis added). Therefore, Hauerspeger had thirty days from the date the court denied his motion for rehearing to file a petition for discretionary review. TEX. R. APP. PROC. 68.2(a); *see* Exhibit A.

The record, moreover, does not reflect that any unconstitutional "State action" impeded Hauerspeger from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Furthermore, Hauerspeger has not shown that he could not have known the factual predicate of his claims earlier. 28 U.S.C. §2244(d)(1)(D). In fact, many of the claims Hauerspeger raises in this action were available to him when he was placed on probation on April 4, 1997, and he advances no reasons for his failure to file this action earlier. [3] Finally, Hauerspeger's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Since Hauerspeger does not satisfy any of the exceptions to the AEDPA statute of limitations, consideration of his petition challenging his sexual assault conviction and subsequent probation revocation in cause number 96-CR-1627-B is barred by the federal habeas corpus statute of limitations.

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that summary judgment be granted and Hauerspeger's petition be dismissed with prejudice as time- barred.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

---

[3] Any claim by Hauerspeger that he was not aware of the AEDPA statute of limitations; that he was actually innocent of the crime; that the prison law library did not have a copy of the AEDPA or that he was proceeding *pro se*, does not serve to toll the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S. Ct. 622 (2000). Further, any claim that illegal denial of an appeal would toll the statute of limitations was foreclosed in *Molo v. Johnson*, 207 F.3d 773, 775-76 (5th Cir. 2000) ("[a] criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.").

BARRY R. McBEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General
  for Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division


*Lead Counsel

GRETCHEN B. MERENDA*
Assistant Attorney General
State Bar No. 24010233
Southern District Admission No. 25065

Postconviction Litigation Division
P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT


## NOTICE OF SUBMISSION

TO:  Petitioner, Edward Kent Hauerspeger a/k/a Edward K. LaFontaine, you are hereby notified that the undersigned attorney will bring the foregoing motion before the court as soon as the business of the court will permit.

GRETCHEN B. MERENDA
Assistant Attorney General

10

## CERTIFICATE OF SERVICE

I, Gretchen B. Merenda, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Motion for Summary Judgment with Brief in Support has been served by placing same in the United States mail, postage prepaid, on this 9th day of April, 2003, addressed to:

Edward Kent Hauerspeger a/k/a Edward K. LaFontaine
TDCJ-ID #873197
Michael Unit
P.O. Box 4500
Tennessee Colony, TX 75886

GRETCHEN B. MERENDA
Assistant Attorney General

11

# EXHIBIT   A

Case 1:02-cv-00234-TL   Document 9   Filed in TXSD on 04/11/2003   Page 13 of 15



WELCOME TO THE:
**THIRTEENTH COURT OF APPEALS**

⊛ **TJ Online Home**

⊛ **Using This Site**

⊛ **Contacting Us**

### Case # 13-99-00329-CR -> Event: Motion for rehearing disposed

CaseMail

## Event Information:

| | |
|---|---|
| **Event Type:** | Motion for rehearing disposed |
| **Description:** | Appellant |
| **Date:** | 4/12/2001 |
| **Disposition:** | Overruled |
| **Opinion Written:** | |

## Opinions Related to this Event:
### Date Issued
No records returned.

♔ **Hint:** Click on the folder icons above for more case information.

© 2003 State of Texas
Office of Court
Administration
Privacy Policy

Home Page | Overview | Contact Information | Profile of Justices | Employment | Docketing S
Case Search | Opinion Search | Released Opinions | Historical Opinions | Case Submiss
Calendar Explorer | Edit User Info | Case Tracking | Opinion Tracking | Procedures & R
Appellate Procedure | Civil Procedure | Evidence | Judicial Administration | Parental Notif
Rules | Filing Fees | Search Texas Judiciary

# EXHIBIT   B

# CLERK'S OFFICE

# COURT OF CRIMINAL APPEALS

# AUSTIN, TEXAS

I, TROY C. BENNETT, JR., Clerk of the Court of Criminal Appeals, do hereby certify that as part of my duties I have care and custody of the records of the Court. I have searched the records and have found no petition for discretionary review, in cause No. **13-99-00329-CR** in the name of **Edward K. LaFontaine.**

WITNESS my hand and seal of said court, at my office in Austin, Texas, this the 9th day of April, 2003, A.D.



Troy C. Bennett, Jr., Clerk

By: _____
Deputy Clerk