13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 2 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| EDWARD KENT HAUERSPEGER, Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-02-234 |
| JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

The Director has lawful custody of Petitioner Edward Kent Hauerspeger pursuant to a judgment and sentence from the 138th District Court of Cameron County, Texas, in cause number 96-CR-1627-B, styled *The State of Texas v. Edward K. LaFontaine, AKA: Edward Kent Hauerspeger*.[1] Hauerspeger was charged with the felony offense of sexual assault.[2] He entered a plea of "not guilty" to the charge before a jury.[3] On April 4, 1997, the jury, finding him guilty, sentenced Hauerspeger to ten years imprisonment, which was then probated for that same time period.[4] It appears that Hauerspeger did not appeal the judgment on the jury's verdict of guilt.[5]

---

[1] Ex parte LaFontaine, Application No. 52,015-01 at 51-54 (Judgment Revoking Supervision).

[2] Id. at 26-27 (Indictment).

[3] Id. at 44-50 (Judgment on Jury Verdict).

[4] Id. at 21, 37, 43-50.

[5] See generally id. at 21-25 (Criminal Docket Sheet).

Hauerspeger's probation was subsequently revoked on May 10, 1999, for violating conditions of his probation, and the trial court sentenced Hauerspeger to ten years imprisonment.[6]

Hauerspeger appealed his revocation proceeding.[7] On March 1, 2001, the Thirteenth Court of Appeals of Texas affirmed the judgment of the trial court in an unpublished opinion.[8] A motion for rehearing was overruled on April 12, 2001.[9] Hauerspeger did not file a petition for discretionary review ("PDR").[10]

Hauerspeger filed his only application for habeas corpus relief in state court challenging the instant conviction on January 29, 2002.[11] The Texas Court of Criminal Appeals dismissed the application on April 24, 2002, because his direct appeal was pending.[12] Subsequently, Hauerspeger filed this federal petition on August 13, 2002.[13]

**ALLEGATIONS**

Petitioner Hauerspeger has alleged the following grounds of error:

1) His conviction was obtained by the use of evidence gained pursuant to an unconstitutional search or seizure;

2) His conviction was obtained by the use of evidence obtained pursuant to an

---

[6] Id. at 24, 51-54.

[7] Fed. Writ Pet. at 2.

[8] LaFontaine v. State, No. 13-99-00329-CR (Tex. App.–Corpus Christi 1999, no pet.), 2001 Tex. App. LEXIS 1387; Ex parte LaFontaine, at 56-66 (copy of appellate opinion).

[9] See Exhibit A (copy of court of appeals' event information sheet).

[10] See Exhibit B (deputy clerk's affidavit).

[11] Ex parte LaFontaine, at 1.

[12] Id. at cover.

[13] Fed. Writ Pet. at 9.

unlawful arrest;

3) His conviction was obtained by a violation of the privilege against self-incrimination;

4) His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant and by malicious prosecution;

5) He was denied effective assistance of counsel;

6) He was denied the right of appeal;

7) His conviction was obtained by use of prior "consistent statements of witnesses;"

8) The State failed to use due diligence to prosecute;

9) His sentence "punishment" is illegal;

10) He has been denied time credit on his sentence;

11) There was insufficient evidence;

12) The prosecution and defense counsel were given different times to speak; and

13) He was denied access to the courts and legal materials until after his conviction.[14]

## ANALYSIS

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[15] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Therefore, the Petitioner's writ petition is subject to review under the AEDPA.

The AEDPA provides a one-year limitation period for filing federal habeas corpus

[14] Fed. Writ Pet. at 6-7.

[15] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

petitions. The provisions of 28 U.S.C. § 2254(d) set forth four different scenarios that start the running of the one-year limitations period:

> (d)(1) A one-year period of limitation should apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1)(A-D).

It is unclear whether Hauerspeger's claims relate to the April 1997 judgment finding him guilty and placing him on probation or his May 1999 probation revocation proceeding. Regardless, any challenge to either judgment is time-barred.

First, applying the one-year limitation period contained with Section 2244(d) to Hauerspeger's petition challenging the judgment entered on April 4, 1997 results in a conclusion that is untimely and barred by the statute of limitations. Some of Hauerspeger's allegations may relate to the validity of his April 4, 1997 sentence placing him on probation.[16] Section 2244(d)(1)(A) provides that the one-year limitation period shall run from the date on which the

[16] Ex parte LaFontaine, at 44-50.

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[17] Under 28 U.S.C. Section 2244(d)(1)(A), Hauerspeger's conviction became under the AEDPA on May 4, 1997, thirty days after the date the jury found him guilty and placed him on probation.[18] Accordingly, the one-year limitation period for filing this federal petition began on May 4, 1997, and ended on May 4, 1998. Thus, pursuant to the AEDPA, the one-year statutory filing period expired on May 4, 1998.[19]

Further, it is not disputed that Hauerspeger's only state habeas application was filed on January 29, 2002.[20] However, it did not trigger tolling of the limitations period under 28 U.S.C. Section 2244(d)(2), because it was filed 1,366 days after the limitations period expired on May 4, 1998. Since Hauerspeger filed the instant action on August 13, 2002, he is 1,562 days late and thus untimely.[21]

Next, applying the one-year limitation period contained within Section 2244(d) to Hauerspeger's petition challenging the judgment and sentence entered on May 10, 1999, (revoking his probation) again results in a conclusion that it is untimely and thus barred by the statute of limitations. Some of Hauerspeger's allegations also appear to relate to the validity of his May 10, 1999 judgment revoking supervision.[22] As before, the one year period of limitation

---

[17] 28 U.S.C. § 2244(d)(1)(A).

[18] TEX. R. APP. P. 41(b)(1); TEX. R. APP. P. 26.2(a)(1) (West 1998).

[19] 28 U.S.C. § 2244(1)(d)(A).

[20] See Ex parte LaFontaine, at 1.

[21] See Fed. Writ Pet. at 9.

[22] Ex parte LaFontaine, at 51-54.

ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[23]

In this instance, Hauerspeger's revocation of his community supervision was affirmed on March 1, 2001.[24] Although Hauerspeger appealed his conviction, he did not file a PDR.[25] The denial of Hauerspeger's motion for rehearing occurred on April 12, 2001.[26] Under 28 U.S.C. Section 2244(d)(1)(A), Hauerspeger's conviction became final, at the latest, on May 12, 2001, at the conclusion of thirty days in which time he could have sought such review from the Texas Court of Criminal Appeals.[27] Accordingly, the one-year limitation period for filing a federal petition began May 12, 2001, and ended on May 12, 2002. Thus, pursuant to the AEDPA, the one-year statutory filing period expired May 12, 2002.[28]

In certain instances, however, the one-year period for filing may be extended because the AEDPA allows for the tolling of the limitations period during the pendency of properly filed applications for state court collateral review: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."[29] Thus, the

---

[23] 28 U.S.C. § 2244(d)(1)(A).

[24] LaFontaine v. State, No. 13-99-00329-CR; see also Ex parte LaFontaine, at 56-66.

[25] See Exhibit B.

[26] See Exhibit A.

[27] TEX. R. APP. P. 68.2 (2001), *formerly* TEX. R. APP. P. 202(b).

[28] 28 U.S.C. § 2244(1)(d)(A).

[29] 28 U.S.C. § 2244(d)(2); see also Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998) (tolling provision § 2244(d)(2) applies to the one-year reasonableness period).

statutory filing period may be extended beyond a straight one-year limitations period. The only way the deadline tolls is for Hauerspeger to have properly filed an application for state court collateral review during the one year period of May 12, 2001 to May 12, 2002.

In the instant case, Hauerspeger filed his state writ application on January 29, 2002.[30] The writ was later dismissed by the Texas Court of Criminal Appeals on April 24, 2002.[31] The state writ was thus pending for 86 days. When 86 days are added to the one-year grace period filing deadline of May 12, 2002, the new deadline for filing the federal writ petition is August 6, 2002. Subsequently, Hauerspeger executed his federal petition on August 13, 2002.[32] At the very latest, Hauerspeger's federal petition was due on or before August 6, 2002. Thus, when Hauerspeger mailed his petition on August 13, 2002, he exceeded the Fifth Circuit's "reasonable period" by 7 days, and his claims are time-barred.

The record, moreover, does not reflect that any unconstitutional "state action" impeded Hauerspeger from filing for federal habeas corpus relief prior to the end of the limitations period.[33] Furthermore, Hauerspeger has not shown that he could not have known the factual predicate of his claims earlier.[34] In fact, many of the claims Hauerspeger raises in this action were available to him when he was placed on probation on April 4, 1997, and he advances no reasons for his failure to file this action earlier. Finally, Hauerspeger's claims do not concern a

---

[30] See Ex parte LaFontaine, at 1.

[31] Id. at cover.

[32] Fed. Writ Pet. at 9.

[33] 28 U.S.C. § 2244(d)(1)(B).

[34] 28 U.S.C. § 2244(d)(1)(D).

constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[35] Since Hauerspeger does not satisfy any of the exceptions to the AEDPA statute of limitations, consideration of his petition challenging his sexual assault conviction and subsequent probation revocation in cause number 96-CR-1627-B is barred by the federal habeas corpus statute of limitations.

**RECOMMENDATION**

For the reasons set forth above, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 should be DENIED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas this 28th day of April, 2003.

Felix Recio
United States Magistrate Judge

[35] 28 U.S.C. § 2244(d)(1)(C).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| EDWARD KENT HAUERSPEGER,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-234 |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is hereby DENIED WITH PREJUDICE.

DONE at Brownsville, Texas this ______ day of ______________________, 2003.

______________________________
Hilda Tagle
United States District Judge