

United States District Court
Southern District of Texas
ENTERED

JUN 1 4 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 4 2004

Michael N. Milby, Clerk of Court

EDWARD KENT HAUERSPEGER[1],          §
                                     §
Petitioner,                          §
                                     §
v.                                   §
                                     §    CIVIL ACTION NO. B-02-234
JANIE COCKRELL, DIRECTOR,            §
TEXAS DEPARTMENT OF CRIMINAL         §
JUSTICE, INSTITUTIONAL DIVISION,     §
                                     §
Respondent.                          §

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE REGARDING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY

On April 28, 2003, this Court recommended that the district court deny habeas relief in

the above-styled civil cause number because the Petitioner's § 2254 application was determined

to be time-barred (Docket Entry No. 13). On May 15, 2003, the district court adopted this Court's

Report and Recommendation and entered an order denying habeas relief (Docket Entry No. 16).

The Petitioner has since filed a Motion to Appeal to the Fifth Circuit In Forma Pauperis (Docket

Entry No. 19), which this Court construes not only as a request to appeal in the form of a pauper,

_____

[1] Though this appears to be the proper caption for this case  –meaning that most, if not all, court documents including the official docket sheet contain this spelling of the petitioner's name– subsequent filings by the Petitioner suggest that the proper spelling of his name reads as follows: Hauersperger. In fact, Petitioner's two subsequent habeas applications –Civ. A. No. B-03-091 and Misc. No. B-04-10– show the Petitioner's name as "Hauersperger" as opposed to "Hauerspeger."

1

but also as notice of appeal. Accordingly, this Court is required to treat the Petitioner's notice of

appeal as a request for a Certificate of Appealability ("COA"). *See* F.R.A.P. Rule 22(b); *U.S. v.*

*Youngblood*, 116 F.3d 1113 (5th Cir. 1997). For the reasons set out below, both Petitioner's

request for a COA and his request to appeal in forma pauperis should be denied.

### BACKGROUND

This Court has set out the procedural and factual background of this case in detail on

numerous occasions; there is no reason to do so again herein.[2] What is important for purposes of

this context is that Petitioner Edward Kent Hauersperger is in state custody as a result of his

conviction for sexual assault pursuant to a judgment and sentence from the 138th District Court of

Cameron County, Texas, in cause number 96-CR-1627-B, which is styled as follows: *The State*

*of Texas v. Edward K. LaFontaine, AKA: Edward Kent Hauersperger.*

While in custody, Hauersperger has filed three habeas applications pursuant to 28 U.S.C.

§ 2254.[3] The case currently at issue was the first federal habeas application filed by

Hauersperger. On April 4, 2003, this Court prepared a Report and Recommendation suggesting

that the petition be dismissed as time-barred. On May 15, 2003, the district court issued an order

adopting this Court's recommendations and dismissing Hauersperger's application for habeas

---

[2] For a comprehensive account of Hauersperger's various habeas applications, see the forthcoming
Report and Recommendation of this Court in Misc. No. B-04-010, *Hauersperger v. DeLeon, et al.*

[3] Besides the case sub judice, the two other relevant cases are: (1) Civ. Action No. B-03-091,
*Hauersperger v. Director TDCJ-ID*; and (2) Misc. No. B-04-010, *Hauersperger v. DeLeon, et al.*

relief. Although Hauerpserger did pursue an appeal of one of his other habeas applications,[4] he did not attempt to appeal the case currently under consideration until recently.

## ANALYSIS

A. *Timeliness of Appeal.*

As an initial matter, it should be noted that the Petitioner's notice of appeal, which was file-stamped on April 7, 2004, was filed almost a year after this case was closed. In other words, though the district court order denying habeas relief was signed on May 15, 2003, Petitioner waited until April 7, 2004, to file his notice of appeal.

Fifth Circuit precedent makes clear that the thirty-day period for filing an appeal in civil cases applies to habeas petitions when the United States is not a party to the suit. *See Morris v. Cain*, 186 F.3d 581, 583 (5th Cir. 1999); *see also Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the sixty-day limit found in Fed.R.App.P. 4(a)(1)(B) because the United States was a party); Fed. R. App. P. 4(a)(1)(A).

Given the above discussion, it would seem that by any reasonable means of calculation Petitioner's appeal would not only be untimely, but it would also be grossly so. Although this would appear to preclude Petitioner from pursuing his appeal, the Court now turns to the issue of whether a COA should issue for the sake of both clarity and thoroughness.

B. *COA Standard.*

---

[4] He pursued a timely appeal of his habeas application in B-03-091, which was also dismissed as time-barred. That appeal was recently dismissed for want of jurisdiction. *See Hauersperger v. TDCJ-ID*, 04-40382 (5th Cir. May 7, 2004).

A COA may issue only if the Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court set the standard for evaluating the issuance of a COA as follows:

> Where a district Court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where . . . the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 1039-40, 154 L.Ed.2d 931 (2003).

Although a COA may only issue if the applicant has made a substantial showing of a constitutional right, in cases such as this –where the putative appellant challenges a court's decision to dismiss for a reason that does not implicate the applicant's constitutional claims– a COA should only issue when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Although this inquiry involves two components, a court may dispose of the COA application by resolving the issue, constitutional or procedural, whose answer is more apparent from the record and arguments. *Id.* at 484-85.

4

Upon review and consideration of the record in the above-referenced case, this Court has determined that jurists of reason would not find it debatable whether the district court was correct in its ruling regarding the untimeliness of Hauersperger's petition. *Slack*, 529 U.S. at 484-85. Resultantly, a COA should not issue.

C. *Motion to Proceed on Appeal In Forma Pauperis.*

As previously mentioned, the Petitioner has also moved to appeal in forma pauperis. However, other than in the caption of his motion, Petitioner makes no reference to his financial status or to his ability or lack of ability to pay the required fees. *See* Docket Entry No. 19. Furthermore, the Petitioner has provided no documentation in support of his motion to proceed without prepayment of fees. In short, he has failed to comply with the statutory requirements for financial screening that this court must undertake in order to determine whether an applicant qualifies for IFP status on appeal. *See* 28 U.S.C. §§ 1915(a)(1) and (2); Fed.R.App.P. 24(a). Accordingly, his request to proceed on appeal in forma pauperis should be denied.

## RECOMMENDATION

For the aforementioned reasons, it is RECOMMENDED that both the Petitioner's request for a COA and his motion to proceed on appeal in forma pauperis be DENIED. *See* Docket Entry No. 19.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by

5

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas this ___14th___ day of March, 2004.

Felix Recio
UNITED STATES MAGISTRATE JUDGE

6