Scanned August 13, 2004 *CCA Scanning Cover Sheet*



1895561

CaseNumber: WR-52,015-01
EventDate: 03/15/2002
Style 1: LAFONTAINE, EDWARD K. A/K/A EDWARD KENT HA
Style 2:
Event code: WRIT RECEIVED


EventID: 1895561
Applicant first name: EDWARD K.
Applicant last name: LAFONTAINE
Offense: 22.011
Offense code: Sexual Assault
Trial court case number: 96-CR-1627-B
Trial court name: 138th District Court
Trial court number: 320310138
County: Cameron
Trial court ID: 148
Event map code: FILING
Event description: Application for Writ of Habeas Corpus - 11.07
Event description code: WRIT
Remarks:

☐ *Document Scanned*                    ☐ *Created or*
                                        ☐ *Appended*

*Scanned by*          *date*        *Image ID*

*Comment*

<u>Scanned August 13, 2004</u>

APPLICANT          <u>EDWARD K. LaFONTAINE</u>          APPLICATION NO. <u>52,015-01</u>

                   <u>aka:  EDWARD KENT HAVERSPERGER</u>

## APPLICATION FOR 11.07 WRIT OF HABEAS CORPUS

ACTION TAKEN

DIRECT APPEAL PENDING -- DISMISS

_____          _____
JUDGE                                                      DATE

Scanned August 13, 2004

Court of Criminal Appeals Number:

Cause Number: 96-CR-1627-B

**WRIT I**

# CLERK'S RECORD

The State of Texas

vs.

**Edward K. LaFontaine
a/k/a Edward Kent Haversperger**

MAR 1 5 2002

COURT OF CRIMINAL APPEALS

Troy C. Bennett, Jr., Clerk

---

Mailed to the Court of Criminal Appeals on
**March 13, 2002**

Aurora De La Garza
Cameron County District Clerk

*Jessica Carrizales*

**Jessica Carrizales**
Deputy Clerk

---

Filed in the Court of Criminal Appeals, at Austin, Texas
the            day of            ,            .

Troy C. Bennett, Jr.
Clerk of Court of Criminal Appeals

_____
Deputy

Scanned August 13, 2004

Trial Court Number: **96-CR-1627-B**

EX PARTE:                      APPLICATION FOR WRIT OF HABEAS CORPUS
**Edward K. LaFontaine**
**a/k/a Edward Kent**             FROM CAMERON COUNTY, TEXAS
**Haversperger**
                               IN THE **138TH** JUDICIAL DISTRICT COURT


Applicant's Name:              **Edward K. LaFontaine a/k/a Edward Kent**
                               **Haversperger**
Offense:                       **Sexual Assault (Revocation of Probation)**

Cause Number:                  **96-CR-1627-B**

Sentence:                      **10 (Ten) Years TDCJ -ID**

Date of Sentence:              **05/10/1999**

Judge Presiding At Trial:      **Hon. Robert Garza**

Court of Appeals Number:       **13-99-329-CR**

Citation to Opinion:           827 S.W. 2d 949        827 S.W. 2d 956
                               573 S.W. 2d 24         573 S.W. 2d 26

Hearing Held on Application:   ☐ Yes   ☒ No

Findings of Facts Filed:       ☐ Yes   ☒ No

Recommendation:                ☐ Granted   ☒ Denied   ☐ None

Judge Presiding Over Application:  **Hon. Robert Garza**

Scanned August 13, 2004

CAUSE NUMBER

96-CR-1627-B

EX PARTE:                                                IN THE 138TH JUDICIAL

EDWARD K. LAFONTAINE                          DISTRICT COURT OF

a/k/a EDWARD KENT HAVERSPERGER           CAMERON COUNTY, TEXAS

# I N D E X

| INSTRUMENT | DATE FILED | PAGE |
|---|---|---|
| First Application for Writ of Habeas Corpus Seeking Relief From Final Felony Conviction under Code of Criminal Procedure, Article 11.07 | 1/29/2002 | 1 |
| Letter to Judge Hon. Robert Garza | 2/21/2002 | 12 |
| Letter to Hon. Yolanda De Leon | 2/21/2002 | 13 |
| Acknowledgment Letter to Defendant | 2/21/2002 | 14 |
| Order on Applicant's Application for Writ of Habeas Corpus | 3/7/2002 | 15 |
| Criminal Docket Sheets | | 19 |
| Intictment | 12/11/1996 | 26 |
| Court's Charge to the Jury | 2/26/1997 | 28 |
| Forms of Verdict | 2/26/1997 | 37 |
| Charge of the Court on Punishment | 2/26/1997 | 38 |
| Judgment on Jury Verdict of Guilty Punishment Fixed by Jury-Probation Granted | 4/4/1997 | 44 |
| Judgment Revoking Supervision Sentence to Institutional Division Nunc Pro Tunc | 1/14/2000 | 51 |
| Judgment and Opinion from Court of Appeals | 3/5/2001 | 55 |
| Bill of Costs | | 67 |
| Certified Bill of Costs | | 68 |
| Clerk's Certificate | | 69 |

Scanned August 13, 2004

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JAN 2 9 2002

Cause No. _____
(The Clerk of the convicting court will fill this line) DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

## COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

Edward Kent Hauersperger                    01  104  1961
**NAME OF APPLICANT (Please print full name)**          **DATE OF BIRTH**

Montford Prison Unit 090          873197
**PLACE OF CONFINEMENT**          **TDCJ-ID NUMBER**

(1)  What court entered the judgment of conviction you want relief from?
(Give the number and county of the court.)

138th District Court

Cameron County Texas

(2)  What was the cause number in the trial court? 96-CR 1627 B

(3)  What was the trial judge's name? Robert Garza/Menton Murray

(4)  What was the date of judgment? UNKNOWN

(5)  What was the length of sentence? 10 YRS Probation/10 yrs TDCJ-ID.

(6)  Who assessed punishment?   (Check one)      (a) Judge ( ); (b) Jury (X)

(7)  What offense or offenses were you were convicted of (all counts)?

Sexual assault Adult Female

_____

_____

1

<u>Scanned August 13, 2004</u>

(8)     What was your plea? (Check one)

        (a)     Not guilty                        ☒
        (b)     Guilty                            ( )
        (c)     Nolo Contendere                   ( )

        If you entered a guilty plea to one count or indictment, and a not guilty plea to
        another count or indictment, give details:

        _____

        _____

(9)     Did you have a jury trial?(check one)

        (a)     Jury                              (☒)
        (b)     Judge only                        ( )

(10)    Did you testify at the guilt/innocence phase of trial?    Yes ( )        No ☒

(11)    Did you testify at the sentencing phase of trial?    Yes (☒)        No( )

(12)    Did you appeal from the judgment of conviction?    Yes ( )        No☒

(13)    If you did appeal, answer the following questions:

        (a)     Which court of appeals?_____

        (b)     What was the cause Number? _____

        (c)     What was the decision? _____

        (d)     What was the date of the decision?_____

        (e)     Did you file a petition for discretionary review?  Yes ( )      No ( )

        (f)     If your answer to (e) was "yes," answer the following questions:

        (g)     What was the cause number in the Court of Criminal Appeals?

                _____

        (h)     What was the decision?_____

        (i)     What was the date of decision?_____

                                        2

Scanned August 13, 2004

(14)   Have you previously filed an application for writ of habeas corpus under Article 11.07 for relief from this conviction?

Yes  (X)                         No    ( )

(15)   If your answer to (14) was "yes," answer the following questions:

(a)   What was the Court of Criminal Appeals writ number? UNKNOWN

(b)   What was the decision? UNKNOWN

(c)   What was the date of decision? UNKNOWN

(d)   What is the reason the current claims were not presented and could not have been presented in an earlier application?

It is my belief 138th court refused to answer my writ and or forward it to court of criminal appeals

(16)   Do you have any petition or appeal pending in any court, either state or federal, attacking the same conviction?

Yes  (X)                         No  ( )

3

3

Scanned August 13, 2004

(17) If you are presenting a claim for time credit, have you presented the claim to the time credit resolution system of the Texas Department of Criminal Justice—Institutional Division?

Yes ( )                    No (X)

(a)    If your answer to (17) was "yes," answer the following questions:

What was the date of decision? _____

Why are you not satisfied with the decision?_____

_____

_____

_____

(b)    If your answer to (17) was "no," why have you not presented the claim to the time credit resolution system of the Texas Department of Criminal Justice--Institutional Division?

No Knowledge of resolution System I have Just continually asked court for proper credit and attorney to file for proper credit.

(18)   State concisely every ground on which you claim that you are being unlawfully confined.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting the grounds.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  The grounds you may raise are not limited to those listed below.  However, you should raise in this application all available grounds (relating to this conviction) on which you base your allegations that you are being unlawfully confined.

4

00:    **4**

Scanned August 13, 2004

**(A)     What is your Ground Number One:** Petitioner was denied right to appeal probation conviction of 96-C.R.-1627B

**What are the FACTS (tell your story briefly without citing cases or law):**

Attorney chester Gonzolaze did Not file Appeal brief Nor Give court or myself cause for Not Filling brief, My Attempts to gain Evidence were denied or ignored by court, My request to Appeal was ignored.

**(B)     What is your Ground Number Two:** Conviction obtained by evidence obtained from an unlawful arrest.

**What are the FACTS (tell your story briefly without citing cases or law):**

Petitioner was unlawfully arrested in missouri by Texas Agents without benifit of desired attorney or Extradition hearing.

**(C)     What is your Ground Number Three:** Conviction obtained by violation of the priveledge against self-incrimination.

**What are the FACTS (tell your story briefly without citing cases or law):** petitioner was not allowed to testifie, unless he waived

6

5

Scanned August 13, 2004

right to conseal prior misdemeanor Arrests and convictions.

_____

_____

_____

(D)    What is your Ground Number Four: CONviction obtained by prosecutors failure to tell petetioner about evidence favorable to the petitioner.

What are the FACTS (tell your story briefly without citing cases or law): _____

Prosecutor left pair of Blue jean shorts out of evidence. Prosecuter refused to release Name of purported victims companion. Prosecutor refused to give copy of NCIC read out to Petitioner. Grounds five through 13 attached on aditional paper.

_____

Wherefore, applicant prays that the Court grant applicant relief to which he may be entitled

in this proceeding.

## VERIFICATION

(Complete either the Oath  Before Notary Public or the Inmate's Declaration)

Oath Before Notary Public

STATE OF TEXAS, COUNTY OF _____

_____, being first duly sworn, under

oath, says: that he is the applicant in this action and knows the content of the above

7

HU(    6

Scanned August 13, 2004

Ground five: Petitioner was denied effective assistance of counsil.

Facts: Attorney chester Gonzolaze did not file a ppeal brief, nor give court nor petitioner cause for not filing. Same Attorney did not investigate crime scene as he said he had drank at nearby bar many times. Same Attorney did not aquire copy of petitioners N.C.I.C. read out after being told petitioner was prior felon, nor investigate. Petitioner was in fact not prior felon. Attorney chester Gonzolaze did not speak to petitioners purported victims witnesses, and in fact told petitioner that no witnesses would be called whatso ever. Attorney refused to seek out "eye witness" stateing "There is no such thing as a witness to Rape.

Ground six: Violation of Texas court Rule 613(C).

Fact: Prior consistant statements of witnesses for purported victim were continually used.

Ground seven: malicous prosecution.

Fact: Attorney william Hagen continually claimed that petitioner had, RAN, HID, and EVADED Police by using a false name with NO factual or purported evidence.

Ground eight: Failure to due dilligence to Prosecute.

7 A

Scanned August 13, 2004

Facts: Plaintiff was arrested many times and not charged, questioned, nor extradited by Cameron County. Plaintiff spent days in Harligen, Cameron county Jail only weeks after purported crime and not charged nor questioned. Plaintiff was ran on N.C.I.C. many times by police and had no warrant for years. No new evidence was discovered in these years.

Ground eight: violation of Illegal sentence.
Fact: Judge Robert Garza Banished Plaintiff from Cameron county and the state of Texas never to return

Ground Nine: Denial of time credits on sentence.
Facts: Plaintiff was arrested Nov. 5th 1997 and was never given Bond to this day. He was released on probation aprox. 14 months but was refused first six months Jail credit, Cameron county was giving 8 days to one because of overcrowding.

Ground Ten: No evidence or insufficient evidence.
Fact: Only evidence against plaintiff was candice McAdams testimonie. Rape Test Kit was Negative of any proof of contact between us as were cloths and Bath tub.

Ground eleven: Prosecution and defence given different speaking times.

<u>Scanned August 13, 2004</u>

Facts: Judge ordered speaking times by prosecution and defence be limited to 10 min etc. Yet continually allowed prosecution to go over time limit, while cutting defence short of time limit.

Ground twelve: Plaintiff was denied access to courts and Law.

Facts: Plaintiffs Texas criminal practice Guide was thrown away at travis county Jail after cameron county failed to extradite plaintiff within time limits. Plaintiff was informed by Illinois agent that plaintiff had NO pending charges in Texas any more and law books were not needed. Sgt. of Travis co. Texas sherrifs dept. informed Ill agents law books were plaintiffs. Agents refused to transport and Sgt. Travis county threw them in trash can. On Jan, 24th 2001 all plaintiffs legal material was taken by Texas I.A.D. Never returned.

Ground Thirteen: Denied right to speak to Jurors.

Facts: Plaintiff was not allowed to ask Jurors Questions before or After Trial. Plaintiff believed that man who became lead Jurror was predjudiced and was not allowed to block him at begining.

7C

Scanned August 13, 2004

application and according to the applicant's belief, the foregoing allegations of the application are true.

_____
Signature of applicant

SUBSCRIBED AND SWORN TO BEFORE ME this ___ day of _____

_____
Notary Public

**Inmate's Declaration**

I, _Edward Kent Hauersperger_ ,
(inmate's name)

_873197_ , being presently incarcerated in
(inmate's identifying number from TDCJ or county jail)

_Montford Prison Unit C90_ ,
(name of TDCJ unit or county jail)

declare under penalty of perjury that according to my belief the foregoing information and allegations of the application are true and correct.

Signed on _Jan. 21st 2002_
(date)

_E. Kent Hauersperger_
Signature of applicant

_Pro se_
Signature of attorney (if any)

Address of Attorney:
_8602 peach St._
_Lubbock, TX._
_79404+7777_

8

**10**

Scanned August 13, 2004



*La Fontaine*

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE          01/11/02
JM31/MPH8226                   IN-FORMA-PAUPERIS DATA               17:33:12
TDCJ#: 00873197 SID#: 03004740 LOCATION: MONTFORD         INDIGENT DTE: 07/29/9
NAME: LA FONTAINE,EDWARD K           BEGINNING PERIOD: 07/01/01
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:          0.00 TOT HOLD AMT:       0.00 3MTH TOT DEP:       0.00
6MTH DEP:             0.00 6MTH AVG BAL:       0.00 6MTH AVG DEP:       0.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
12/01      0.00           0.00          09/01      0.00          0.00
11/01      0.00           0.00          08/01      0.00          0.00
10/01      0.00           0.00          07/01      0.00          0.00
PROCESS DATE   HOLD AMOUNT     HOLD DESCRIPTION
```

STATE OF TEXAS COUNTY OF _Lubbock_
ON THIS THE _11th_ DAY OF _January_, 20_02_ I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:

MARSHALL P. PHILLIPS
Notary Public, State of Texas
My Commission Expires 4-14-2005

*Rec'd*
*1/29/02*

11

Scanned August 13, 2004



## AURORA DE LA GARZA
### CAMERON COUNTY DISTRICT CLERK
CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

CAUSE NO.  96-CR-1627-B

THE STATE OF TEXAS                    IN THE  138TH JUDICIAL
VS                                    DISTRICT  COURT  OF
EDWARD KENT HAUERSPERGER              CAMERON COUNTY, TEXAS
A/K/A EDWARD K. LAFONTAINE

( WRIT I )

Filed on  01/29/02

To The Honorable  Robert Garza:

Judge presiding in the convicting court in the above entitled and numbered cause.

I hand you herewith a copy of the Applicant's First Application for Writ of Habeas Corpus in the above styled and numbered filed on 01/29/02.

Issued and given under my hand and seal of office this 02/21/02.

Aurora De La Garza, District Clerk
Cameron County, Texas

By:  _Jessica Carrizales_
Jessica Carrizales, Deputy

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|---|---|---|---|---|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

12

Scanned August 13, 2004



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK

CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

Thursday, February 21, 2002

Hon. Yolanda De Leon
Cameron County District Attorney
974 East Harrison Street
Brownsville, Texas 78520

In Re:      **Cause No. 96-CR-1627-B**
**STATE OF TEXAS**
**VS.**
**EDWARD KENT HAUERSPERGER**
a/k/a EDWARD K. LAFONTAINE

Dear Mrs. De Leon,

Enclosed please find a copy of the **First** Application for Post-Conviction Writ of Habeas Corpus in the above styled and numbered Post Conviction of Habeas Corpus case.

Sincerely,

*Jessica Carrizales*

**Jessica Carrizales**
Deputy

THE STATE OF TEXAS
COUNTY OF CAMERON

     I, Yolanda De Leon, District Attorney, Cameron County, Texas, hereby acknowledge receipt of notice of filing the Application for Writ of Habeas Corpus in the above entitled and numbered cause, and waive statutory requirements that such notice be made by certified mail.

Yolanda De Leon

Assistant District Attorney

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|---|---|---|---|---|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

**13**

<u>Scanned August 13, 2004</u>



# AURORA DE LA GARZA
## CAMERON COUNTY DISTRICT CLERK
CRIMINAL DEPARTMENT – APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

February 21, 2002

Mr. Edward Kent Hauersperger
a/k/a Edward K. LaFontaine
TDCJ ID# 873197
8602 Peach Street
Lubbock, Texas 79404 7777

RE:    CAUSE NO. 96-CR-1627-B

THE STATE OF TEXAS
VS.
EDWARD KENT HAUSERPERGER

IN RE:    FIRST PETITION FOR WRIT OF HABEAS CORPUS
FILED 01/29/02

Dear Mr. Hauersperger:

This is to acknowledge receipt of the above captioned FIRST PETITION FOR WRIT OF HABEAS CORPUS. The State is afforded fifteen (15) days from the day they receive notice of filing, in which it may order a hearing.

If no order has been entered within thirty-five (35) days from the filing date, the petition will be forwarded to the Court of Criminal Appeals, for their consideration.

All further correspondence should indicate the above cause number.

Sincerely,

Jessica Carrizales, Deputy

CC:

File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|-------|----------|---------------|------|-----|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |

14

Scanned August 13, 2004

CAUSE NO. 96-CR-1627-B

| STATE OF TEXAS | ][ | IN THE DISTRICT COURT |
|---|---|---|
| v. | ][ | 138TH JUDICIAL DISTRICT |
| EDWARD K. LAFONTAINE, A/K/A<br>EDWARD KENT HAUERSPERGER,<br>           Applicant | ][ | CAMERON COUNTY, TEXAS |

ORDER ON APPLICANT'S APPLICATION
FOR WRIT OF *HABEAS CORPUS*

Today, after considering Applicant's trial file, the instant Application for writ of *habeas corpus*, and the State's proposed Order thereon (with affidavit), this Court finds and concludes that Applicant's allegation of unlawful confinement cannot be favored on these bases:

1.     Although **Tex. Code Crim. Proc. art. 11.04 (2002)** provides that "Every provision relating to the writ of *habeas corpus* shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it," its purpose is "only to review jurisdictional defects or denials of fundamental or constitutional rights." **Ex parte Tovar**, 901 S.W.2d 484, 485 (Tex. Crim. App. 1995, *en banc*); **Ex parte Goodman**, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991, *en banc*).

2.     **Tex. Code Crim. Proc. art. 11.07(2001)** requires that an Application contain sworn allegations of fact. **Ex parte Emmons,** 660 S.W.2d 106, 107 (Tex. Crim. App. 1983). That is, it has long been held that an Application is merely a pleading, and not evidence of its allegations.  **Ex parte Welburn**, 157 S.W. 154 (Tex. Crim. App. 1913).  It is an applicant's burden of proof to sustain his allegation of unlawful confinement by a

1

15

<u>Scanned August 13, 2004</u>

preponderance of the evidence, **Ex parte Pizzalota**, 610 S.W.2d 486, 488 (Tex. Crim. App. 1980, *en banc*); **Ex parte Lafon**, 977 S.W.2d 865, 867 (Tex. App. --Dallas 1998, no pet.), which has· been defined as being the greater weight and degree of credible testimony. **Allen v. State**, 786 S.W.2d 738, 741 (Tex. App.-- Ft. Worth 1989), pet. dism'd, 841 S.W.2d 7 (Tex. Crim. App.1992).

3.    As to Ground One, this Court notices that counsel's failure to proceed with an appeal in a non-capital case when he is asked to do so has been held to be ineffective assistance, and is a cognizable subject for *habeas* review.  However, Applicant failed to support his allegation of ineffective assistance by a preponderance of the evidence, as required. <u>Accord</u> **Ex parte Kunkle**, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993, *en banc*).

As evidenced in Applicant's trial file and an affidavit presented by John A. Olson, Assistant District Attorney, Chester Gonzalez was Applicant's trial counsel, and he recalled that Applicant did not ask him to appeal his probated sentence.  Gonzalez was not Applicant's revocation counsel; that was Alfredo Padilla, who did perfect an appeal, which was Affirmed on 3-1-2001.  Applicant's *pro se* PDR appears to be pending.

4.    As to Grounds Two and Three, Applicant failed to show that they are proper subjects for *habeas* relief, and this Court finds that they are not.

5.    As to Ground Four, Applicant also failed to show that it is a proper subject for *habeas* relief, considering the fact that he has never challenged

6.    This Court also finds it incredible that Applicant would wait over a year from the date of his affirmation to file this Application, especially since he was no stranger to the legal system, and he is literate and endorsed each document filed with this Court appropriately.

2

**16**

Scanned August 13, 2004

The straightforwardness of his letters, his Application, and the period of time between his judgment of conviction and this filing causes this Court to conclude that the Issues Applicant forwarded are frivolous.

7.     Applicant failed to prove by a preponderance of the evidence that any other controverted, previously unresolved factual issue material to the legality of his confinement exists. **Tex. Code Crim. Proc. art. 11.07, §3(c)(2002); Ex parte Dutchover,** 779 S.W.2d 76, 78 (Tex. Crim.   App. 1989, *en banc*).   Therefore, this Court concludes that an evidentiary hearing is unnecessary, and the instant third Application for writ of *habeas corpus* is ordered DENIED.

The Clerk of this Court is now directed to prepare a Transcript of all instruments relevant to this Application, and transmit the same to the Clerk of the Court of Criminal Appeals as soon as possible.

Signed for entry on ___March  7,_____2002

_____
HON. ROBERT GARZA,
138th Judicial District Court
Judge Presiding

03/08/02 COPIES:
C:     John A. Olson,
       A.D.A.

Edward Kent Hauersperger, *Pro Se*
TDCJ-ID # 873197
Montford Prison Unit
8602 Peach St.
Lubbock     TX.   79404-7777

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR - 7 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
___ DEPUTY

3

17

<u>Scanned August 13, 2004</u>

VERIFICATION.

STATE OF TEXAS            )(

COUNTY OF CAMERON  )(

    BEFORE ME, the undersigned authority, on this day personally appeared JOHN A.

OLSON, who, upon his oath, deposes the following:

    My name is JOHN A. OLSON.  I am an attorney representing the Cameron County District Attorney's office.  I have prepared and reviewed the contents of the foregoing proposed Order as it pertains to Cause No. 96-CR-1627-B, Edward Lafontaine, Applicant, and I attest that on 27 February 2002, I spoke with Chester Gonzalez about the Applicant's first Ground.  Gonzalez told me that he recalled the case, and recalled that Applicant did not ask him to appeal his conviction. Sometime after Applicant's conviction, however, Applicant contacted Gonzalez by letter, and asked whether he had filed an appellate brief.  Gonzalez responded in writing that he had not, and he had not since been contacted by Applicant about this case.

FURTHER AFFIANT SAITH NOT.

                                JOHN A. OLSON, Affiant

Sworn to and subscribed before me on February 28, 2002, to which witness my hand and seal of office.

BEA SALINAS
Notary Public, State of Texas
My Commission Expires
2-14-2005

My Commission expires _2-14-05_

NOTARY PUBLIC in and for
Cameron County, Texas

18

<u>Scanned August 13, 2004</u>

# CRIMINAL DOCKET

**REPORTED** ①

MAR - - 1997

Case No. 96-CR-00001627-B
DEF ID#: 92941

| NAMES OF PARTIES | ATTORNEYS | OFFENSE |
|---|---|---|
| THE STATE OF TEXAS VS. | DISTRICT ATTORNEY, CAMERON COUNTY | SEXUAL ASSAULT |
| EDWARD K. LAFONTAINE A/K/A EDWARD KENT HAVERSPERGER DOB: 01/09/61 | Chester Gonzalez | |

| | DATE OF FILING | | |
|---|---|---|---|
| | Month 12 | Day 11 | Year 96 |

**ORDERS OF COURT**

| Month | Day | Year | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| 1 | 11 | 1996 | TRANSFERRED FROM THE 138TH DISTRICT COURT. DARRELL HESTER BENJAMIN EURESTI, JR./gm | 12/11/96 ORDER TRANSFERRING CAUSE |
| JAN. | 13 | 1997 | ARRAIGNMENT SET FOR JANUARY 22, 1997 AT 9:00 A.M. R.GARZA/gm | BOND($50,000 C/S) UA |
| 1 | 22 | 97 | To be re-set: Defendant in custody in Missouri. Rgarza/cap | NOTICE OF ARRAIGNMENT |
| 2 | 12 | 97 | State announced ready. Defendant waived formally of arraignment and entered a plea of not guilty. Case set for trial on February 24, 1997; with announcements on February 21, 1997 at 9:00 a.m. Rgarza/cap | CAPIAS AND PRECEPT ISSUED |
| 2 | 10 | 97 | Hon. Chester Gonzalez is hereby appointed for defendant as per order signed. RGarza/rmo | SERVED: FILED: |

| PAPERS FILED | |
|---|---|
| 2/12/97 | Order appointing attorney |
| 2/12/97 | Waiver of arraignment |
| 2/12/97 | Def's election of jury to assess punishment |
| 2/24/97 | Def's motion for community supervision |
| 2/24/97 | Def's motion to disclose extraneous offenses |
| 2/24/97 | Def's election of jury to assess punishment |
| 2/24/97 | Def's motion to list state's witnesses |
| 2/24/97 | Def's motion to produce exculpatory & mitigating evidence |
| 2/24/97 | Def's motion for discovery & inspection of evidence |

VOL. CR_____  PAGE_____

**19**

Scanned August 13, 2004



No. _____

The State of Texas

vs.

ORDERS OF COURT

PAPERS FILED

| Date of Orders | | |
|---|---|---|
| Month | Day | Year |

2/24/97 Def's motion for production of evidence favorable to the accused
2/24/97
2/26/97 Jury Chosen
2/26/97 Court's charge to the jury
2/26/97 Verdict
2/26/97 Charge of the court on punishment
2/26/97 Verdict
3/17/97 PSI

2-24-97

24 | 97

All parties announced ready for further hearing as to punishment. Punishment assessed at confinement in TDCJ for ten (10) years, probated for ten (10) years, under usual terms: Defendant sentenced to 120 days CCJ - credit for time served:

VOL _____ PAGE _____

20

Scanned August 13, 2004

# CRIMINAL DOCKET

Case No. 96-CR-1627-B

| AGE | DEF. ADJ. |
| DATE OF FINAL DISPO. |
| PLEA: P/G - NO JURY |
| P/NG - JURY |
| P/NG - NO JURY |
| DISPOSITION: |
| PROB.          DISM.          ACQUITTAL |
| TDC                           JAIL |
| $ FINE                        HISD. |
| $ RESTITUTION |
| YEARS TDC. PROB. |
| YEARS |
| COURT COSTS |
| WAIVER OF SPEEDY TRIAL |

**NAMES OF PARTIES:** THE STATE OF TEXAS VS. EDWARD K. LAFONTAINE AKA EDWARD KENT HAVERSPERGER

**ATTORNEYS:** DISTRICT ATTORNEY, CAMERON COUNTY

**OFFENSE:** SEXUAL ASSAULT

**DATE OF FILING:** Month 12 Day 11 Year 96

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| 3 | 24 | 97 | court costs at $5.00 per month; probation fees at the rate of $25.00 per month; crime stoppers fees of $50.00 within 60 days; reimburse Cameron County for attorney's fees in the amount of $500.00 at $10.00 per month; P.S.I. fees in the amount of $300.00 at $5.00 per month; 450 hours of community service; receive alcohol and drug counseling; no alcohol and drug consumption; register with local or county law enforcement agency as a sexual offender; i.e.: avoid victim and family; case may be transferred to Kansas City, Missouri; Sexual Offenders Program; and not to return to this County. RGarza/cap | 5/15/97 State's motion to withdraw state's exhibits |
| | | | | |
| | | | _def. ordered to proceed in Cameron Co. until he_ | |
| 3 | 25 | 97 | _obtained work and/or obtain employment in_ | |
| | | | _Cameron Co., to be supervised accordingly_ | |
| | | | _and maintaned closely. RGARZA/Clr._ | |
| | | | _Defense motion withdraw by will to attend to_ | |
| 4 | 4 | 97 | _Cameron Co., to be supervised accordingly_ | |
| 5 | 16 | 97 | JUDGMENT ON JURY VERDICT OF GUILTY PUNISHMENT FIXED BY JURY-PROBATION GRANTED SIGNED FOR ENTRY. RGARZA/RMO | PROBATION GRANTED |
| | | | Order Granting State's motion to withdraw State's exhibits, Court Reporter release all State exhibits to District Attorney's office signed for entry. RGarza/rmo | DATE 5-26-97 |

VOL. CR_____ PAGE_____

21

Scanned August 13, 2004

# CRIMINAL DOCKET

Case No. 96-CR-1622-B

| | NAMES OF PARTIES | | ATTORNEYS | | OFFENSE 4 | DATE OF FILING |
|---|---|---|---|---|---|---|

THE STATE OF TEXAS
VS
EDWARD K. LAFONTAINE

D.O.B. 01/06/61

DISTRICT ATTORNEY, CAMERON COUNTY

Alfredo Padilla (*)

SEXUAL ASSAULT

DEFENDANT ID# 9736L

| Month | Day | Year |
|---|---|---|
| 12 | 11 | 96 |

## MOTION TO REVOKE FILED

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| 8 | 01 | 97 | MOTION TO REVOKE FILED.  DEFT ORDERED TO APPEAR IN COURT INSTANTER.  CLERK ORDERED TO ISSUE CAPIAS WITH NO BOND.  RGARZA/jam | 8/01/97 ORDER OF ARREST |
| 8 | 10 | 98 | Hearing on State's Motion to Revoke set September 3, 1998, 9:00 a.m.; Clerk ordered to issue Bench Warrant for defendant in Travis County Jail.  Att. Alfredo Padilla appointed to represent defendant. RGARZA/rhg. | 8/11/97 CAPIAS ISSUED SERVED: 4-30-99 FILED: 4-23-99 |

MOTION TO REVOKE FILED 6-25-99

8/20/98 BENCH WARRANT ISSUED SERVED:

9/10/98 BENCH WARRANT ISSUED SERVED:  FILED 7-8-98

22

Scanned August 13, 2004

No. _____

The State of Texas    vs. _____

| Date of Order: | | | ORDERS OF COURT | (Fusch Fteh) |
|---|---|---|---|---|
| Month | Day | Year | | |
| 09 | 29 | 98 | STATE'S FIRST AMENDED MOTION TO REVOKE SET FOR TEN DAYS FOLLOWING ARREST. CLERK ORDERED TO ISSUE CAPIAS WITH NO BOND, RGARZA/jam | 9/29/98 ORDER SETTING HEARING AND ORDERING ARREST |
| 09 | 30 | 98 | STATE'S SECOND AMENDED MOTION TO REVOKE SET FOR TEN DAYS FOLLOWING ARREST. CLERK ORDERED TO ISSUE CAPIAS WITH NO BOND, RGARZA/jam | 10/01/98 CAPIAS ISSUED SERVED: |
| 09 | | 98 | MTR hearing set 4/15/99 9:00 a.m. RGARZA/eg. | 09/30/98 ORDER SETTING HEARING AND ORDERING ARREST |
| | 4/15/99 | | Re-set to April 29, 1999 at 9:00 A.M. | 10/01/98 CAPIAS ISSUED SERVED: 4-23-99 FILED: 4-23-99 |
| | | | | 10/01/98 BENCH WARRANT ISSUED FILED: |
| 4 29 99 | | | Ct. dismiss Motion to Recuse Ct. did not | 4/29/99 ORDER SETTING HEARING AND ORDERING ARREST |
| 4 23 99 | | | Defend refer to State hearing. End of hearing overruled. | 5/03/99 CAPIAS ISSUED SERVED: 5/5/94 FILED: 5/7/99 |
| 4 23 99 | | | Re-set to May 7, 1999 at 10:00 a.m. | 4/21/99 DEFT. EDWARD K. LAFONTAINE'S MOTION TO RECUSE JUDGE ROBERT GARZA |
| 5 6 99 | | | Found at that time. 10:00 a.m. and matter withheld to file | 4/21/99 DEFT. EDWARD K. LAFONTAINE'S MOTION TO DISQUALIFY THE CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE |
| 5 6 99 | | | Facts read with 5-Rpg. | 4/21/99 DEFT'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT |
| 5 6 99 | | | facts read with A flame D.A. + Halt to Speed Trial filed. second | |
| | | | facts read Execution ordered on trial obj into the cause D.A. objects to speed trial as amended. Overruled gin | |

VOL _____ PAGE _____    ו:ו 23



Scanned August 13, 2004

# CRIMINAL DOCKET

Case No. 96-CR-1627-B

**NAMES OF PARTIES**

THE STATE OF TEXAS
vs.

Edward K La Fontaine

AKA Edward Kit Houseligar

DISTRICT ATTORNEY, CAMERON COUNTY

**ATTORNEYS**

**OFFENSE**

SEXUAL ASSAULT

| DATE OF FILING | | |
|---|---|---|
| Month | Day | Year |
| 12 | 11 | 96 |

**ORDERS OF COURT**

JUDGMENT REVOKING SUPERVISION SENTENCE TO INSTITUTIONAL DIVISION SIGNED FOR ENTRY. RGARZA/RRO

ORDER REVOKING PROBATION AND IMPOSING SENTENCE

ORDER GRANTING INDIGENT'S MOTION FOR STATEMENT OF FACTS. SIGNED FOR ENTRY. RGARZA/JC

JUDGMENT REVOKING SUPERVISION SENTENCE TO INSTITUTIONAL DIVISION NUNC PRO TUNC SIGNED FOR ENTRY. RGARZA/RMOCHOA

**PAPERS FILED**

| Date of Orders | | | |
|---|---|---|---|
| Month | Day | Year | |
| | 10 | 99 | |
| 05 | 03 | 99 | |
| 06 | | | |
| 1 | 14 | | |
| | 2000 | | |

05/24/99 NOTICE OF APPEAL

05/24/99 INDIGENT'S MOTION FOR STATEMENT OF FACTS

05/24/99 REQUEST FOR TRANSCRIPT

06/22/99 CLERKS RECORD MAILED TO COURT OF APPEALS

7/15/99 DEFENDANT'S MOTION REQUESTING PROPER CREDIT FOR TIME SERVED AGAINST SENTENCE IMPOSED

10/14/99 MOTION FOR SHOCK PROBATION UNDER ARTICLE 42.12 OF THE TEXAS CODE OF CRIMINAL PROCEDURE

10/14/99 DEFENDANT'S SECOND MOTION REQUESTING PROPER CREDIT FOR TIME SERVED AGAINST SENTENCE IMPOSED

11/10/99 MOTION TO CORRECT JUDGMENT

VOL. CR ____ PAGE ____

24

<u>Scanned August 13, 2004</u>

No. _____

The State of Texas    vs.

_____

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| OCT | 23 | 2001 | ORDER DENYING DEFENDANT'S REQUEST FOR PERMISSION TO APPEAL TO COURT OF APPEALS SIGNED FOR ENTRY . . RGARTZA//iCruz | 12/01/00 SUPPLEMENTAL CLERK'S RECORD MAILED TO COURT OF APPEALS |
| OCT | 31 | 2001 | MOTION TO APPEAL IN FORMA PAUPRIS DENIED..RGARTZA/iCruz | 10/23/01 MOTION REQUESTING PERMISSION TO APPEAL |
| | | | | 10/26/01 MOTION TO APPEAL IN FORMA PAUPERIS |
| MAR | 7 | 2002 | ORDER DENYING APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS SIGNED FOR ENTRY.RGARZA//JC | 01/29/02 FIRST APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 |
| | | | | 02/12/02 DEFENDANT EDWARD LAFONTAINE'S THIRD MOTION TO CORRECT JUDGMENT |
| | | | | 02/12/02 APPLICATION FOR BENCH WARRANT |

VOL _____ PAGE _____

00  25

Scanned August 13, 2004

SEXUAL ASSAULT (ADULT    TIM)                                              #25
DOB: 1/4/61

# IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the    JULY

Term, A D 19 96 , of the        JUDICIAL DISTRICT                              in and for

said County, upon their oaths in said Court, present that    **EDWARD K. LAFONTAINE**
**A/K/A EDWARD KENT**
**HAVERSPERGER**

hereinafter called Defendant ,

on or about the    **27TH**            ,day of        **MARCH**        A. D. One Thousand Nine

Hundred and    **NINETY-FIVE**        and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully  ,  intentionally   and   knowingly

cause  the  penetration  of  the  **female sexual organ of CANDICE McADAMS**,

the  victim,  by  means  of  **the Defendant's penis**,  without  the  victim's

consent  in  that  **the Defendant compelled the victim to submit and**

**participate by the use of force**,

against the peace and dignity of the State.

Foreman of the Grand Jury

96-CR-1627-B

26

<u>Scanned August 13, 2004</u>

THE STATE OF TEXAS

COUNTY OF CAMERON

I, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-
going is a true and correct copy of the Original Bill of Indictment, filed in said Court on_____

_____A. D. 19____ in Cause No._____, styled the State of Texas vs.

_____

_____

Given under my hand and seal of said court, at office in Brownsville, Texas, this _____day

of_____A. D. 19____.

AURORA DE LA GARZA , Clerk

By_____Deputy

---

96-CR-1627-B

THE STATE OF TEXAS

vs.

EDWARD K. LAFONTAINE

A/K/A EDWARD KENT HAVERSPERGER

INDICTMENT

OFFENSE:

SEXUAL ASSAULT

A TRUE BILL

_____
Foreman of Grand Jury

LUIS V. SAENZ
Criminal County Attorney

Filed on DEC 11 1996 19___

AURORA DE LA GARZA, CLERK OF
DISTRICT COURTS OF CAMERON
COUNTY, TEXAS

By_____Deputy

Amount of Bail $ _____

ID# 92941

NAMES OF WITNESSES

27

<u>Scanned August 13, 2004</u>

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT OF |
| VS | : | CAMERON COUNTY, TEXAS |
| EDWARD K. LAFONTAINE, | | |
| AKA: EDWARD KENT HAVERSPERGER | ) | 138TH JUDICIAL DISTRICT |

FEB 2 6 1997

<u>COURT'S CHARGE TO THE JURY</u>

LADIES AND GENTLEMEN OF THE JURY:

The defendant, Edward K. Lafontaine, aka: Edward Kent Haversperger, stands charged by indictment with the offense of sexual assault, alleged to have been committed on or about the 27th day of March, 1995, in Cameron County, Texas. The defendant has pleaded not guilty.

1.

Our law provides that a person commits an offense if the person, intentionally or knowingly, caused the penetration of the anus or female sexual organ of another person by any means, without that person's consent.

2.

A sexual assault, as that term is used here, is without the consent of the other person if the actor compels the other person to submit or participate by the use of force against the other person.

28

Scanned August 13, 2004

3.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Scanned August 13, 2004

4.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 27th day of March, 1995, in Cameron County, Texas, the defendant, Edward K. Lafontaine, aka: Edward Kent Haversperger, did intentionally or knowingly cause the penetration of the female sexual organ of Candice McAdams, by means of the defendant's penis, without the Candice McAdams' consent in that the Defendant compelled Candice McAdams, to submit and participate by the use of force, then you will find defendant guilty of sexual assault as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

30

Scanned August 13, 2004

5.

You are instructed that under our law voluntary intoxication is not a defense to the commission of a crime.

6.

Our law provides that a Defendant may testify in his own behalf if he elects to do so.  This, however, is a privilege accorded a Defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.  In this case, the Defendant has elected not to testify, and you are instructed that you cannot and must not refer or allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the Defendant.

31

Scanned August 13, 2004

A grand jury indictment is merely the means under our law by which a defendant is brought to trial in a felony prosecution. It is not evidence of guilt and you should not consider it in passing on the question of guilt of the defendant.

The burden of proof in all criminal cases rests upon the State throughout the trial, and never shifts to the defendant. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

32

<u>Scanned August 13, 2004</u>

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty."

You are the exclusive judges of the facts proved, of the credibility of the witnesses and the weight to be given their testimony, but the law you shall receive in these written instructions, and you must be governed thereby.

In order to return a verdict, each juror must agree thereto, but jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment.

Each juror must decide the case for himself or herself, but only after an impartial consideration of the evidence with his or her fellow jurors.

In the course of deliberations, a juror should not hesitate to re-examine his or her own views and change his or her opinion if convinced it is erroneous. However, no juror should surrender his or her conviction as to the weight or effect of the evidence solely because of the opinion of their fellow jurors, or for the mere purpose of returning a verdict.

Scanned August 13, 2004

From time to time throughout the trial the Court has been called upon to pass on the question of whether or not certain offered evidence might properly be admitted. You are not to be concerned with the reasons for such rulings and are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law. In admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence; nor does it pass on the credibility of the witness. As to any offer of evidence that has been rejected by the Court, you, of course, must not consider the same; as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection.

You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you may think or sur-mise the opinion of the Court to be. The Court has no right by any word or any act to indicate any opinion respecting any matter of fact involved in this case, nor the guilt or innocence of the Defendant. The Court has not intended to express any such opinion, and if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case or of the guilt or innocence of the Defendant, you must wholly disregard it.

Scanned August 13, 2004

You are instructed that the statements of counsel made during the course of the trial or during the argument, if not supported by evidence, or statements of law made by counsel, if not in harmony with the law as stated to you by the Court in these instructions, are to be wholly disregarded.

After you retire to the jury room, you should first select one of your members as your Presiding Juror. It is the Presiding Juror's duty to preside at your deliberations, vote with you, and, when you have unanimously agreed upon a verdict, to certify to your verdict by using the appropriate form attached hereto, and signing the same as Presiding Juror.

During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence. You must not discuss nor consider punishment during your deliberations. You are to concern yourselves solely with the question of guilt or innocence without any regard whatsoever to the possible punishment for the offense charged.

After you have retired, no one has any authority to communicate with you except the officer who has you in charge. Do not attempt to talk to the officer, or anyone else concerning any question you may have; instead address your inquiry to the Court in writing. Any such writing must be signed by the Presiding Juror.

35