Scanned August 13, 2004

After you have reached a unanimous verdict, the Presiding Juror will certify thereto by filling in the appropriate form attached to this charge and signing his or her name as Presiding Juror. The Presiding Juror will then notify the officer who has you in charge that you have reached a verdict. Afterwards you will then be brought into open court.

FILED: February 26ᵗʰ, 1997.

9:07 A.M.

_____
Judge Presiding

36

<u>Scanned August 13, 2004</u>

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT OF |
| VS | : | CAMERON COUNTY, TEXAS |
| EDWARD K. LAFONTAINE,<br>AKA: EDWARD KENT HAVERSPERGER | ) | 138TH JUDICIAL DISTRICT |

<u>FORMS OF VERDICT</u>

We, the Jury, find the defendant, Edward K. Lafontaine, aka: Edward Kent Haversperger, "NOT GUILTY" of the offense of Sexual Assault as charged in the Indictment.

---
Presiding Juror

We, the Jury, find the defendant, Edward K. Lafontaine, aka: Edward Kent Haversperger, "GUILTY" of the offense of Sexual Assault as charged in the Indictment.

---
Presiding Juror

FEB 2 6 1997

37

Scanned August 13, 2004

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT OF |
| VS | : | CAMERON COUNTY, TEXAS |
| EDWARD K. LAFONTAINE, | | |
| AKA: EDWARD KENT HAVERSPERGER | ) | 138TH JUDICIAL DISTRICT |

FEB 2 6 1997

CHARGE OF THE COURT ON PUNISHMENT

LADIES AND GENTLEMEN OF THE JURY:

By your verdeict returned in this case you have found the Defendant, Edward K. Lafontaine, aka: Edward Kent Haversperger, guilty of the offense of Sexual Assault, which was alleged to have been committed on or about the 27th day of March, 1995, in Cameron County, Texas;  It is necessary now that the jury assess and fix punishment for this offense.

You are instructed that the offense of Sexual Assault is a felony of the Second Degree, and that the punishment for a Second Degree Felony is confinement in the state penitentiary for a period of not less than two (2) years nor more than twenty (20) years, and the jury in its discretion, may, if it chooses, assess a fine in any amount not to exceed $10,000.00, in addition to confinement, in the penitentiary.  Therefore, you will assess the punishment, upon said finding of guilt, at any term of years not less than two (2) years or more twenty (20) years, and in addition, if you choose to assess a fine it must not exceed $10,000.00.

Scanned August 13, 2004

You are further instructed that in fixing the defendant's punishment, which you will show in your verdict, you may take into consideration all the facts shown by the evidence admitted before you in the full trial of this case and the law as submitted to you in this charge.

In this case the defendant has filed, before trial, his sworn motion in which he prays that in the event he is convicted he be granted Community Supervision.

The defendant has filed a motion for Community Supervision herein alleging that he has never before been convicted of a felony in this State or any other State.  Our statute provides that where the Jury finds a defendant guilty and the punishment assessed by the Jury shall not exceed ten years imprisonment in the Texas Department of Criminal Justice - Institutional Division, and the Jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other state, the Jury may recommend that the defendant be granted Community Supervision.

"Community Supervision" shall mean the release of a convicted defendant by a Court under conditions imposed by the Court for a specified period during which the imposition of sentence is suspended.  Community Supervision shall be granted by the Court if the Jury recommends it in their verdict.

A defendant who has been placed on Community Supervision and who subsequently violates his conditions of community supervision

Scanned August 13, 2004

shall be brought before the court, and the court, after a hearing without a jury may either continue or revoke community supervision, and if the community supervision is revoked, the court shall proceed to dispose of the case as if there had been no community supervision.  Now, having found the defendant guilty, and if the punishment assessed by you is not more than ten years confinement in the Texas Department of Criminal Justice - Institutional Division, and if you further find that he has never been convicted of a felony in this State or in any other State, you may in your discretion recommend that the defendant be given community supervision.  If you desire the defendant to be placed on Community Supervision, let your verdict show that you find that the defendant has never been convicted of a felony in this State or in any other State and further show that you recommend Community Supervision.  If you do not desire to recommend Community Supervision, you will not mention the matter of community supervision at all in your verdict.

Your verdict must be by a unanimous vote of all members of the jury.  In arriving at your verdict, it will not be proper to fix the same by lot, chance, or any other method than by a full, fair and free exercise of the opinion of the individual jurors under the evidence admitted before you.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given their testimony, but you are bound to receive the law from the court, which has been given you.

<u>Scanned August 13, 2004</u>

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time.  Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation.  If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time credit equals one-fourth of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

Scanned August 13, 2004

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

No one has any authority to communicate with you except the officer who has you in charge. During your deliberations in this case, you must not consider, discuss, nor relate any matters not in evidence before you. You should not consider nor mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence. After you have reached a unanimous verdict, the Presiding Juror will certify thereto by using the appropriate form attached to this charge and signing the same as Presiding Juror.

Following the arguments of counsel, you will retire to deliverate your verdict.

SIGNED FOR ENTRY: February 26ᵗʰ, 1997.

1:52 P.m.

_____
Judge Presiding

42

**Scanned August 13, 2004**

* * * * *

We, the Jury, having found the Defendant, Edward K. Lafontaine, aka: Edward Kent Haversperger guilty of the offense of Sexual Assault, as charged in the indictment, assess his punishment at confinement in the Texas Department of Criminal Justice - Institutional Division for _____ *10* _____ years (not less than two (2) years nor more than ten (10) years. We find that he has not heretofore been convicted of a felony in this or any other state, and recommend that the imposition of sentence be suspended and that he be placed on Community Supervision for a term of _____ *10* _____ years (not less than two (2) years nor more than ten (10) years. We additionally assess a fine of $_____ *None* _____ (Answer in Dollars and Cents, not exceeding $10,000.00 or "None".)



_____
Presiding Juror

* * * * *

Please answer the following only if you have assessed community supervision and a fine.

We, the Jury, <u>do</u> recommend that the fine assessed be payable during the community supervision term.

_____
Presiding Juror

43

<u>Scanned August 13, 2004</u>

APR 0 7 REC'D

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| EDWARD K. LA FONTAINE, | § | 138TH JUDICIAL DISTRICT |
| AKA: EDWARD KENT HAVERSPERGER | | |

<u>JUDGMENT ON JURY VERDICT OF GUILTY</u>
<u>PUNISHMENT FIXED BY JURY-PROBATION GRANTED</u>

Judge Presiding: ROBERT GARZA                          Date of Judgment: 4/4/97

State's                                                Defendant's

Attorney:    Bill Hagen                                Attorney: Chester R. Gonzalez

Offense

Convicted of:    Sexual Assault

Degree of Offense:    Second Degree Felony             Date Offense Committed: 3/27/95

Charging Instrument: Indictment

Plea:    Not Guilty

Jury Verdict:  Found Guilty of Sexual Assault          Foreman:  James O. Cooper

Plea to Enhancement                                    Enhancement

Paragragh(s):  n/a                                     Paragraphs:    n/a

Findings on Use of Deadly Weapon: n/a

Punishment assessed by:  Jury

Date sentence imposed:  3/24/97                        Costs:  $124.50

Sentence of Confinement

or Imprisonment:      Ten (10) Years TDCJ-ID           Fine:    -0-

Period of Supervision: Ten (10) Years                  Date to Commence:   2/24/97

This sentence is to be served concurrent with any other sentence unless otherwise specified.

BE IT REMEMBERED that on the **24th day of February, 1997,** this cause was called to trial and the State appeared by her Assistant Criminal District Attorney, and the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger,** appeared in person, his counsel by employment, the Hon. Chester R. Gonzalez, also being present, and the Defendant, having been duly arraigned, pleaded Not Guilty and both parties announced ready for trial; thereupon a jury of good and lawful persons, to wit:  James O. Cooper and eleven others, was duly selected, empaneled and sworn according to the law and charged by the Court on separation; whereupon said cause was recessed until February 25, 1997.

44

Scanned August 13, 2004

THEREAFTER, on February 25, 1997, the indictment was read to the jury and the Defendant entered his plea of Not Guilty thereto whereupon the State introduced evidence through January 30, 1997, and rested. Defendant introduced evidence and rested. All parties closed. Whereupon the charge was prepared and submitted to all counsel.

THEREAFTER, the Court charged the jury as to the law applicable to said cause and argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider their verdict, and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is here now entered upon the Minutes of the Court, to wit:

"We, the Jury, find the defendant, Edward K. LaFontaine, aka: Edward Kent Haversperger, "GUILTY" of the offense of Sexual Assault as charged in the indictment.

/s/ James O. Cooper
Presiding Juror"

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger,** is guilty of the offense of Sexual Assault as found by the Jury, and that said offense was committed on **March 27, 1995.**

THEREUPON, the Defendant, having previously elected in writing to have his punishment assessed by the same Jury, the same jury was duly empaneled to assess said Defendant's punishment in said cause, and the evidence submitted for the State and for the Defendant was duly heard, and at the conclusion of such evidence, the Court charged the jury with additional instructions as to the law applicable to punishment of said cause and arguments of State and Defendant were duly heard and concluded and the jury retired in charge of the proper officer to consider their verdict as to Defendant's punishment, and thereafter returned into open court, accompanied by the proper officer, the Defendant and his counsel being present, and in due form of law, the following verdict, which was received by the Court is here now entered upon the Minutes of the Court, to wit:

"We, the Jury, having found the defendant, Edward K. LaFontaine, aka: Edward Kent Haversperger, guilty of Sexual Assault, assess his punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for 10  years (being not less than two (2) years nor more than ten (10) years). We find that he has not heretofore been convicted of a felony in this or any other State, and recommend that the imposition of sentence be suspended and that he be placed on probation for a term of  10   years (being not less than two (2) years

45

<u>Scanned August 13, 2004</u>

nor more than ten (10) years).  We additionally assess a fine of $  NONE .  (Answer in dollars and cents, not exceeding $10,000.00 or "None")

/s/    James O. Cooper<br>Presiding Juror"

IT IS THEREFORE, CONSIDERED AND ADJUDGED by the Court that the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger,** is guilty of the offense of Sexual Assault, as found by the Jury, and that he be punished, as found by the Jury, that is by confinement in the Texas Department of Criminal Justice, Institutional Division, for a period of ten (10) Years and that the State of Texas do have and recover of and from said Defendant all costs in this prosecution for which execution may issue.

The said Defendant having made application in due time and form for probation under the Adult Probation and Parole Law of this State on his conviction herein, and the Court ordered a Pre-Sentence Report, and the cause was recessed until March 24, 1997.

On March 24, 1997, the Court having received and reviewed the Pre-Sentence Report, the Court being of the opinion and finding from the evidence herein that the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger,** should be placed on probation, as found by the jury, and that the imposition of sentence under the Judgment of this Court herein shall be and the same is hereby suspended for a period of **ten (10) Years** from the date hereof.  Said probation and suspension of imposition of said sentence shall be conditioned that the Defendant during the entirety of the term of probation shall:

(a)    Commit no offense against the laws of this State or any other State or of the United States;

(b)    Avoid injurious or vicious habits;

(c)    Avoid persons or places of disreputable or harmful character;

(d)    The Court orders the Defendant to participate fully in the Intensive supervision Program, for a period not to exceed one year from the date of this order unless otherwise extended by the Court.  The Defendant shall report in person to the Intensive Supervision Officer at the Community Supervision and Corrections Department of Cameron county, Texas Office once per week on Tuesdays for Defendants reporting in Brownsville and on Wednesday or Thursdays for Defendant reporting in San Benito, as directed by the Community Supervision Officer.  Provided, however, the community Supervision Officer may from time to time waive Defendant's reporting in person on each consecutive week.

(e)    Report to the community supervision Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the court through the Community Supervision Officer;

46

Scanned August 13, 2004

(f)   Permit the community Supervision Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g)   Work faithfully at suitable employment as far as possible;

(h)   Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the court to leave the county and filed it in the papers of this cause;

(i)   Pay court costs in the sum of $124.50 at the rate of $5.00 per month;

(j)   Pay a community supervision fee of $25.00 per month every month of the community supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $3,000.00 shall have been paid.

(k)   Pay Cameron County $500.00 reimbursement for attorney's fees paid Probationer's appointed counsel, in equal monthly installments of $10.00 each, between the first and tenth day of every month beginning in the month next following entry of this Judgment and continuing until such reimbursement is paid in full;

(l)   Pay the Community Supervision and Corrections Department of Cameron County, Texas, $300.00 reimbursement for Pre-Sentence Investigation conducted, payable at the rate of $5.00 per month;

(m)  Attend alcohol and drug abuse counseling classes as directed by the Community Supervision and Corrections Department of Cameron County, Texas;

(n)   Provide (450) hours of community service, within the first two (2) years of community supervision period, as directed by the Community Supervision and Corrections Department of Cameron County, Texas;

(o)   Support Probationer's legal dependents;

(p)   Submit to random urine analysis by authorized personnel for the probation department, reveal to said authorized personnel proof of any medications legally prescribed prior to submitting specimen. A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in an adjudication of guilt or revocation of community supervision;

(q)   File with the Community Supervision Officer at the Community Supervision and Corrections Department of Cameron County, Texas office between the first and tenth day of every month next following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred.

(r)   File with the Probation Officer at the Community Supervision and Corrections Department of Cameron County, Texas Office every month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(s)   Within ten (10) days after the event, report in writing to the Community Supervision Officer any arrest of probationer and/or criminal charge filed against probationer.

47

Scanned August 13, 2004

(t)   Serve (120) days in the Cameron County Jail, to be served consecutively, with dit of (53) days already served;

(u)   Pay $50.00 to a local Crime Stoppers Program, pursuant to Art. 42.12, Sec. 11 (18)(h), of the Texas Code of Criminal Procedure, payable within (60) days;

(v)   Abstain from all alcohol and/or drug consumption.

(w)   Register with local or county law enforcement agency as a sexual offender, as directed by the Cameron County Community Supervision and Corrections Department;

(x)   Avoid the victim and family in this cause, as directed by the Cameron County Community Supervision and Corrections Department;

(y)   Participate in the Sexual Offenders Program, as directed by the Cameron County Community Supervision and Corrections Department;

By the term "the Supervision Officer" as used herein is meant any Cameron County Supervision Officer; by the term "Community Supervision and Corrections Department is meant the Cameron County Community Supervision and Corrections Department, First Floor, Cameron County Courthouse, Brownsville, Texas.

All payment required of defendant by this Judgment shall be paid within the time specified at the Community Supervision and Corrections Department to the Supervision Officer for which defendant shall receive the Supervision Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Supervision Officer in the Cameron County Community Supervision and Corrections Department Trust Fund (previously referred to as the Cameron County Adult Probation Trust Fund) in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 63, Page 284-A, of the Minutes of this Court Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

2.   to the District Clerk of Cameron County, Texas for court costs in the amount of $124.50;

2.   Reimburse Cameron County for payment of court-appointed counsel in the amount of $300.00;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall wait further written order of the Court as per the District Courts' Order of March 21, 1975.

This Court reserves all rights vested in it by law to control by its further orders, the

modification and termination of the provisions of the community supervision hereinabove set

out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the

conditions of said community supervision.

<u>Scanned August 13, 2004</u>

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

SIGNED FOR ENTRY: April 4, 1997.

ROBERT GARZA
Judge Presiding

Rosa Maria Ochoa

<u>Scanned August 13, 2004</u>

CAUSE NO.: <u>96-CR-1627-B</u>

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT OF |
| vs | * | CAMERON COUNTY, TEXAS |
| <u>Edward K. Lafontaine</u> | * | <u>138th</u> JUDICIAL DISTRICT |

<u>DEFENDANTS' THUMBPRINT</u>

The following is the thumbprint of the right thumb of:_____
<u>Edward K. Lafontaine</u>_____, Defendant in this cause, _____

_____ in this Court:



(Defendant's Initials)

Taken on this _10ᵏⁿ_ day of _March_, 1997 by:
_____
(Signature)

_____
Title of Person Authorized
To Take Thumbprint

Judgment signed for entry herein the _4th_ day of _April_, 19 _9.7_

E X H I B I T   " A "

CSCD

50

CA FORM I-TRUNDC
1/6

Scanned August 13, 2004

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| EDWARD K. LA FONTAINE, | | |
| AKA: EDWARD KENT HAVERSPERGER | § | 138TH JUDICIAL DISTRICT |

### JUDGMENT REVOKING SUPERVISION
### SENTENCE TO INSTITUTIONAL DIVISION
### NUNC PRO TUNC

In the above entitled and numbered cause there was signed for entry on May 10, 1999, a Judgment Revoking Supervision Sentence to Institutional Division which said Judgment, by clerical error stated that the defendant had plea True to the allegations in the Motion to Revoke when in fact, Defendant plea "Not True" to the allegations in State's Motion to Revoke on May 10, 1999. IT IS SO ORDERED that in order to correct such clerical error, the following Judgment Revoking Supervision Sentence to Institutional Division be entered nunc pro tunc in the stead of the Judgment Revoking Supervision Sentence to Institutional Division signed for entry on May 10, 1999, be held for naught and in all things replaced by the following:

### JUDGMENT REVOKING SUPERVISION
### SENTENCE TO INSTITUTIONAL DIVISION

| | | | |
|---|---|---|---|
| Judge Presiding: | ROBERT GARZA | Date of Judgment: | 5/10/99 |
| State's Attorney: | Jeff Strange | Defendant's Attorney: | Alfredo Padilla |
| Offense Convicted of: | Sexual Assault | Date of Conviction: | 3/24/97 |
| Degree of Offense: | Second Degree Felony | Date Offense Committed: | 3/27/95 |
| Date of Supervision Order: | 4/4/97 | | |
| Plea to Motion to Revoke: | Not True | Finding of Court: | True |

51

Scanned August 13, 2004

Term of Plea Agreement ( In Detail): n/a

Conditions Violated:  d; e; g; h; I; j; k; l; m; n; and y;

as set out in the State's Motion to Revoke.

| | | |
|---|---|---|
| Date Sentence Imposed: | 5/10/99 | Costs: $146.50 |
| Sentence of Confinement (Institutional Division): | Ten (10) Years | Fine:   -0- |
| Time Credited: | (320) days | Date to Commence:   5/10/99 |
| Total Amount of Restitution: | n/a | |

THIS SENTENCE TO BE SERVED CONCURRENT WITH ANY OTHER SENTENCE UNLESS OTHERWISE SPECIFIED.

On the date stated above, the Defendant was duly and legally convicted of the offense stated above, in the above numbered and entitled cause, and punishment was assessed and the imposition of the sentence was suspended and the Defendant placed on community supervision as stated above, subject to the conditions of supervision set out in the order in this cause. Thereafter, and during the period of supervision, the State filed a Motion to Revoke Community Supervision in this cause, alleging that the Defendant had violated conditions of supervision set out in said order.

On the date stated above, both parties announced ready for trial, and the Defendant waived the reading of the Motion in open court and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of not true to the allegations in the Motion. Thereupon, the Court admonished the Defendant of the consequences of said plea and, it appearing to the Court that the Defendant is competent and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion prompting said plea, the said plea of not true is by the Court received and is here and now entered of record in the Minutes of the Court as the plea of the Defendant.  The Court, after hearing all of the evidence for the State and the Defendant

52

<u>Scanned August 13, 2004</u>

and argument of counsel, is of the opinion and finds that the Defendant violated the conditions of the Defendant's community supervision as stated above.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the order suspending the imposition of the sentence and placing the Defendant on community supervision, heretofore entered in this case, is hereby revoked on the date stated above. The Defendant, having previously been found guilty of the offense charged as set out in the finding of guilt, punishment is hereby assessed at **TEN (10) YEARS,** in the Texas Department of Criminal Justice, Institutional Division, and it is ORDERED that this punishment be carried into execution in the manner prescribed by law.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be confined in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

53

<u>Scanned August 13, 2004</u>

Said Defendant is given credit on this sentence for  (320) days on account of the time spent in jail.

SIGNED FOR ENTRY: January 14, 2000.

_____
ROBERT GARZA
Judge Presiding

FILED _____ A
AURORA DE LA GARZA DIST CLERK

JAN 1 8 2000

DISTRICT COURT, CAMERON COUNTY TEXAS
BY _____ Ochoa
Rosa Maria Ochoa

54

<u>Scanned August 13, 2004</u>

COURT OF APPEALS

Thirteenth Judicial District

Corpus Christi, Texas

FILED _____ O'CLOCK ___
AURORA DE LA GARZA DIST. CLER:

MAR 0 5 2001

DISTRICT COURT OF CAMERON COUNTY, TEXA
DEPU:

Below is the JUDGMENT in the numbered cause set out herein to be Filed and Entered in the Minutes of the Court of Appeals, Thirteenth Judicial District of Texas, at Corpus Christi, as of the 1<u>st</u> day of March, 2001. If this Judgment does not conform to the opinion handed down by the Court in this cause, any party may file a Motion for Correction of Judgment with the Clerk of this Court.

CAUSE NO. 13-99-329-CR                          (Tr.Ct.No. 96-CR-1627-B)

EDWARD LAFONTAINE,                                              Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

On appeal to this Court from Cameron County, Texas.

* * * * * * *
J U D G M E N T

On appeal from the 138th District Court of Cameron County, Texas, from a judgment signed May 10, 1999. Opinion by Justice Linda Reyna Yañez. Do not publish. TEX. R. APP. P. 47.3.

THIS CAUSE was submitted to the Court on February 28, 2001, on the record and briefs. These having been examined and fully considered, it is the opinion of the Court that there was no error in the judgment of the court below, and said judgment is hereby AFFIRMED against appellant, EDWARD LAFONTAINE.

It is further ordered that this decision be certified below for observance.

* * * * * *
CATHY WILBORN, CLERK

Scanned August 13, 2004



NUMBER 13-99-329-CR

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI

FILED 9:00 O'CLOCK AM
AURORA DE LA GARZA DIST. CLERK
MAR 0 5 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

---

EDWARD LAFONTAINE,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

---

On appeal from the 138th District Court of Cameron County, Texas.

---

# O P I N I O N

### Before Justices Dorsey, Yañez, and Castillo
### Opinion by Justice Yañez

Appellant, Edward LaFontaine, challenges the revocation of his community supervision. We affirm.

Appellant's community supervision was revoked on May 10, 1999. Appellant argues that the trial court erred by: (1) denying his motion to dismiss the State's

56

Scanned August 13, 2004

motion to revoke community supervision on the basis of an alleged violation of his right to a speedy trial; (2) denying his motion to disqualify the Cameron County District Attorney's Office; and (3) denying his motion to recuse Judge Robert Garza.

### SPEEDY TRIAL

With his first point of error, appellant argues that the trial court erred by not granting his motion to dismiss the State's motion to revoke community supervision. Appellant's motion was based on a claim that the State had violated his right to a speedy trial. Appellant contended that his right to a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution, article 1, section 10 of the Texas Constitution, and Article 32A.02 of the Texas Code of Criminal Procedure, was violated. Article 32A.02 has been declared unconstitutional by the court of criminal appeals and thus cannot provide a basis for any relief. *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992).

The right to a speedy trial is applicable to community supervision proceedings. *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc). Although the right to speedy trial under the Texas and United States Constitutions are independent, Texas courts look to the federal courts in determining the right to a speedy trial under the Texas Constitution. *Harris v. State*, 827 S.W.2d at 956; *Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.--Corpus Christi 1999, pet. ref'd). In determining whether a defendant's right to a speedy trial has been violated, we apply a four-factor balancing test. *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182 (1972); *Moreno*, 987 S.W.2d at 198. The factors we consider are: (1) the length of the delay, (2) the

2

57

Scanned August 13, 2004

reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) prejudice to the defendant from the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182; *Moreno*, 987 S.W.2d at 198. All four factors must be considered together; no one factor alone is either a necessary or sufficient condition to finding a deprivation of the right to a speedy trial. *Moreno*, 987 S.W.2d at 198.

The first step in conducting a speedy trial review is to establish the circumstances surrounding the bringing of the case to trial. *Id.* We conduct a review of the trial court's factual determinations with deference to the trial court's findings. *Id.* Once the facts have been established, we undertake a *de novo* review of the trial court's application of the *Barker* factors to the facts. *Id.* at 199. In the case now before this Court, the trial court, following a hearing, denied appellant's motion to dismiss.

**Length of Delay.**

The delay in the commencement of trial must be sufficient to be presumptively prejudicial before a review of the remaining factors is triggered. *Barker*, 407 U.S. 531 n. 31, 92 S.Ct. 2182. The length of delay is measured, for purposes of speedy trial analysis, from the time a defendant is arrested or formally charged. *Rivera v. State*, 990 S.W.2d 882, 889 (Tex. App.--Austin 1999, pet. ref'd), cert. denied, 528 U.S. 1168, 120 S. Ct. 1191 (2000). Most delays of eight months or longer are considered presumptively unreasonable and prejudicial. *Moreno*, 987 S.W.2d at 199.

Appellant was arrested in Austin, Texas, on May 30, 1998. He was incarcerated from that point until the hearing on the State's motion to revoke

Scanned August 13, 2004

community supervision, which was held on May 10, 1999. Appellant filed a "motion to dismiss for violation of speedy trial act" on April 21, 1999. The delay in this case was sufficient to trigger a speedy trial inquiry.

**Reason for the Delay.**

The State carries the initial burden of justifying a lengthy delay. *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1996). Different weights should be assigned to different reasons for the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the State, while a more neutral reason, such as negligence, should be weighed less heavily, but nevertheless should be considered. *Id.* The State's negligence, however innocent, militates against the State, because the ultimate responsibility for such circumstances must rest with the State rather than with the defendant. *Moreno*, 987 S.W.2d at 199.

In the case now before this Court, appellant was arrested on May 30, 1998. Appellant testified that he was arrested because of the warrant issued upon the State's filing of its motion to revoke. Cameron County attempted to retrieve appellant from Travis County on September 3, 1998, but Travis County refused to release him. A Cameron County deputy sheriff testified that Travis County would not release appellant because appellant was being held on a charge brought by Travis County. Appellant admitted that Travis County had a charge against him. The Cameron County Sheriff's Department advised Travis County to notify Cameron County when appellant would be released by Travis County.

4

59

Scanned August 13, 2004

Cameron County was notified on November 8, 1998, that appellant was available for release. On November 19, 1998, appellant was released to officials from Logan County, Illinois, where there were charges pending against him. Appellant testified that he pleaded to a charge in Illinois, but later reneged on the plea agreement. A copy of the Illinois plea signed by appellant was admitted in evidence, showing that appellant was credited for 180 days time served. The plea was filed on March 1, 1999. Appellant was released to Cameron County from Logan County after signing the judgment.

The evidence before the trial court showed that much of the delay in holding a hearing on the State's motion to revoke was a result of appellant being held by other jurisdictions. This factor weighs against appellant.

**Assertion of the right to speedy trial.**

A defendant does not have a duty to bring himself to trial; however, he does have a responsibility to assert his right to a speedy trial. *Moreno*, 987 S.W.2d at 200. A defendant's failure to assert his speedy trial right strongly indicates that he did not really want a speedy trial. *Id.* A defendant's assertion of his right to a speedy trial must be viewed in light of his other conduct. *Id.* (*citing United States v. Loud Hawk* 474 U.S. 302, 314, 106 S.Ct. 648, (1986)). Although a motion to dismiss can notify the State and the court of a speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983).

5

Scanned August 13, 2004

Appellant did not raise his right to speedy trial until April 21, 1999, and then raised it in the form of a motion to dismiss. Appellant claimed that he wrote several letters while incarcerated in Travis County, addressed "to whom it may concern" at "several addresses [he] had for Cameron County." He also stated that he sent several letters to the trial court requesting a transcript of the trial which resulted in his being placed on probation.[1] According to appellant's own testimony, none of the letters he claims to have sent to the court were requests for a trial or complaints about the lack of a speedy trial. Further, despite his own testimony that he was represented by an attorney during that time, appellant did not file any motions with the trial court in Cameron County.

Appellant made only a minimal effort to assert his speedy trial right, and his eventual assertion of that right was in the context of a motion to dismiss. This strongly suggests that appellant did not actually want a speedy trial, but rather asserted this right only in an effort to avoid trial altogether. This factor weighs against the appellant.

**Prejudice to defendant.**

A defendant invoking his right to a speedy trial is required to make some showing that the delay has been prejudicial. *Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex. Crim. App. 1988); *Moreno*, 987 S.W.2d at 201. Prejudice should be assessed in the light of the interests which the speedy trial right was designed to

---

[1]None of the letters appellant claims to have written are contained in the record before this Court.

6

61

<u>Scanned August 13, 2004</u>

protect. *Barker*, 407 U.S. at 532, 92 S.Ct. 2182. These interests have been identified as: (1) the prevention of oppressive pre-trial incarceration; (2) the minimization of anxiety and concern to the accused; and (3) the limitation of the possibility that the defense will be impaired. *Id*. In considering the prejudice factor, the reviewing court will not require proof of actual prejudice, but only some showing that the delay has been prejudicial; however, it is the defendant's burden to make a *prima facie* showing of prejudice. *Moreno* 987 S.W.2d at 201. Once the defendant has met his burden, the State has the obligation to prove that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. *Id*. The main concern is whether the defense was impaired by the delay. *Id*.

In the case now before this Court, appellant offered testimony that his incarceration was oppressive because he was prevented from attending his grandmother's funeral. Considering that he was held on charges by two different jurisdictions, aside from Cameron County, during most of his incarceration, it appears that appellant would have missed this funeral even absent the pending motion to revoke his probation. Further, appellant did not claim, nor did he offer any proof, that his defense against the State's motion to revoke probation was impaired by his incarceration. This factor weighs against appellant.

**Application of the *Barker* test.**

Having considered the four factors of the *Barker* balancing test, we hold that appellant's right to a speedy trial was not violated. Although there was a long delay between appellant's arrest and the ultimate disposition of the motion to revoke, that

Scanned August 13, 2004

delay was a result of charges pending against appellant in two other jurisdictions. Appellant contacted the trial court on other matters during his incarceration, but only raised his speedy trial right a few weeks before the hearing, and then raised it only in a motion to dismiss, indicating his goal was not to induce a speedy trial, but was actually an effort to avoid trial. Finally, appellant failed to demonstrate that he was prejudiced by the delay between the filing of the motion to revoke and the hearing on the motion. Appellant's first issue is overruled.

## DISQUALIFICATION OF THE CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE

With his second issue, appellant contends that the trial court erred in denying his motion to disqualify the Cameron County District Attorney's Office. Appellant offers only one cite to the record to support his argument, that being a cite to the "Vol.2" of the record.[2] Appellant has failed to properly brief this point. *See* TEX. R. APP. P. 38.1 (h) (briefs must contain appropriate cites to the record).

Appellant argues that the District Attorney's office sought to revoke his probation in an effort to distract attention from their negligence in bringing the motion to revoke to a hearing. According to appellant, the prosecution of the motion to revoke was motivated by the District Attorney's desire to "cover up [the District Attorney's] inefficiency in bringing Appellant before the Court to answer the State's Motion to Revoke." (capitalization in original). Appellant's argument is essentially that the District Attorney is prosecuting him to conceal a failure to prosecute him sooner.

---

[2]Volume 2 is the reporter's record of the hearing on appellant's motion to recuse Judge Garza.

8

63

<u>Scanned August 13, 2004</u>

The local government code provides for the removal of a District Attorney for incompetency, official misconduct, or intoxication. TEX. LOC. GOV'T CODE ANN. § 87.013 (Vernon 1999). A trial court may remove a District Attorney only for one of the three causes enumerated in section 87.013, and only after a trial by jury. *State ex rel. Eidson v. Edwards,* 793 S.W.2d 1, 5 (Tex. Crim. App. 1990). Official misconduct is defined as meaning intentional, unlawful behavior relating to official duties. TEX. LOC. GOV'T CODE ANN. § 87.011(3) (Vernon 1999). In the case now before us, appellant does not claim that the District Attorney's Office has acted unlawfully, but rather that it is being vindictive in bringing the motion to revoke to a hearing after having been negligent in failing to bring it to hearing sooner. Essentially, appellant argues that the District Attorney's Office is doing its job, but doing it for the wrong reason.

Appellant argues that removal can be required if the District Attorney's conduct constitutes a violation of his due process rights under the United States Constitution. The court of criminal appeals has stated that a:

> trial court judge is without legal authority to remove a District Attorney from a case and, as such, any order attempting to do so is void.
> There may be instances when a prosecutor must recuse himself from the prosecution of an individual. If there is a conflict of interests on the part of the district attorney or his assistants however, the responsibility of recusal lies with them, not with the trial court judge. We do not wish to imply that a defendant would be left without recourse if the prosecution's failure to recuse itself violated his due process rights. If, for example, a prosecutor who had previously represented a defendant later personally prosecuted the defendant in the same matter, the defendant's conviction would violate the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution.

9

64

Scanned August 13, 2004

*State ex rel. Eidson*, 793 S.W.2d at 4-5 (citations omitted).

Appellant has failed to show that there were circumstances that would require any of the prosecutors at the Cameron County District Attorney's Office to recuse themselves in order to avoid violating his constitutional rights.   Appellant has not shown any conflicts of interest.  His complaint is essentially that the District Attorney is now prosecuting him, having failed to do so sooner.  Appellant has not shown that the District Attorney engaged in any wrongful conduct in prosecuting this case. Appellant's second issue is overruled.

### RECUSAL OF THE TRIAL JUDGE

With his third issue on appeal, appellant argues that the trial court erred by denying his motion to recuse Judge Garza.  A hearing was held on the motion, with Judge Menton Murray presiding.   The only evidence offered was testimony by appellant.  Following the hearing, Judge Murray denied the motion.

We apply an abuse of discretion standard when reviewing the denial of a motion to recuse.  *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992) (citing TEX. R. CIV. P. 18a(f)).   Under this standard, an appellate court should not reverse a ruling on a motion to recuse that is within the zone of reasonable disagreement.  *Id.*  A defendant alleging bias as a ground for recusal must provide facts sufficient to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial judge.  *Id.* at 305. Bias must be shown to be of such nature, and to such extent, as to deny the defendant due process of law.  *Id.*

10

65

Scanned August 13, 2004

At the hearing on the motion to recuse, appellant testified that he did not believe Judge Garza would be impartial because of an exchange of words between appellant and Judge Garza following a hearing before the court. Appellant apparently informed Judge Garza that the judge needed to "get a life," which prompted a response by Judge Garza. Appellant also stated that he felt that Judge Garza was unsympathetic to appellant's claim that his right to a speedy trial had been violated.

Appellant has established only that he made some rude comments to Judge Garza, to which the judge replied. He has not raised any evidence that Judge Garza would be biased against him so as to endanger appellant's right to due process of law. We find that Judge Murray was within his discretion in concluding that appellant failed to present such evidence of bias that a reasonable person would harbor doubts as to Judge Garza's impartiality. Appellant's third issue is overruled.

The judgment of the trial court is AFFIRMED.

LINDA REYNA YAÑEZ
Justice

Do not publish. TEX. R. APP. P. 47.3.

Opinion delivered and filed this the
1st day of March, 2001.

11

66

Scanned August 13, 2004

# BILL OF COSTS

Cause Number: 96-CR-1627-B

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE **138TH** JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| **EDWARD K. LAFONTAINE a/k/a EDWARD KENT HAVERSPERGER** | § | CAMERON COUNTY, TEXAS |

| | |
|---|---|
| Clerk's Record | **$69.00** |
| Preparation Fee ($15.00 per Volume) | **$15.00** |
| Postage and Handling | **$8.00** |
| Amount Due | **$92.00** |

<u>Scanned August 13, 2004</u>

# CERTIFIED BILL OF COSTS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

    I, Aurora De La Garza, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the foregoing is a true and correct account of the costs accrued in the following entitled and numbered cause:

Cause Number: <b>96-CR-1627-B</b>

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | IN THE **138TH** JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| **EDWARD K. LAFONTAINE a/k/a EDWARD KENT HAVERSPERGER** | § | CAMERON COUNTY, TEXAS |

    Given under my hand and seal of office in the **13th** day of **March, 2002.**

Aurora De La Garza<br>
District Clerk

By: <i>Jessica Carrizales</i><br>
<b>Jessica Carrizales, Deputy</b>

68

<u>Scanned August 13, 2004</u>

# CLERK'S CERTIFICATE

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

I, Aurora De La Garza, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the foregoing transcript contains true and correct original copies of all proceedings as to the Writ of Habeas Corpus in:

Cause Number: **96-CR-1627-B**

**WRIT I**

THE STATE OF TEXAS

VS

**EDWARD K. LAFONTAINE a/k/a
EDWARD KENT HAVERSPERGER**

As they appear on file and of record in this office.

Given under my hand and seal of said Court of Cameron County, Texas, on Wednesday, March 13, 2002.



Aurora De La Garza
District Clerk
Cameron County

**Jessica Carrizales**
Deputy Clerk

<u>Scanned August 13, 2004</u>



## AURORA DE LA GARZA
### CAMERON COUNTY DISTRICT CLERK
CRIMINAL DEPARTMENT - APPEALS SECTION
974 EAST HARRISON STREET
BROWNSVILLE, TEXAS 78520

Wednesday, March 13, 2002

MAR 1 5 2002

Hon. Troy C. Bennett, Jr.
Clerk, Court of Criminal Appeals
P. O. Box 12308
Austin, Texas 78711

Certified Mail Number:
**7099 3220 0005 8794 7268**
Court of Criminal Appeals:

Trial Cause Number:
**96-CR-1627-B**
The State of Texas VS
**Edward K. LaFontaine**
**a/k/a Edward Kent Haversperger**

Dear Mr. Bennett,

Enclosed please find the Clerk's Record in the Post Conviction Writ of Habeas Corpus in the above entitled and numbered cause. If it meets with your approval, please file. By copy of this letter I am advising all counsel of this transmittal.

Thank you for your prompt attention to this matter.

Sincerely,

Jessica Carrizales
Deputy Clerk

cc:
Hon. Yolanda De Leon
Deft: Edward K. LaFontaine
File

| CIVIL | CRIMINAL | CHILD SUPPORT | JURY | FAX |
|---|---|---|---|---|
| (956) 544-0838 | (956) 544-0839 | (956) 544-0840 | (956) 544-0842 | (956) 544-0841 |