*13-99-329-CR*

COURT OF APPEAL NO. _____

CLERK'S RECORD

TRIAL COURT NO. 96-CR-1627-B

IN THE 138TH DISTRICT COURT

OF CAMERON COUNTY, TEXAS

HONORABLE ROBERT GARZA. JUDGE PRESIDING

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

JUN 23 1999

CATHY WILBORN

BY _____

---

EDWARD LAFONTAINE, APPELLANT

VS

STATE OF TEXAS, APPELLEE

---

APPEALED TO THE COURT OF APPEALS FOR
THE 13TH DISTRICT OF TEXAS, AT CORPUS CHRISTI, TEXAS

---

| ATTORNEY FOR APPELLANT: | APPELLEE'S ATTORNEY: |
|---|---|
| HON. ALFREDO PADILLA | HON. YOLANDA DE LEON |
| STATE BAR NO. 15404600 | STATE BAR NO. 05652420 |
| 1000 E. VAN BUREN | 974 E. HARRISION ST. |
| BROWNSVILLE, TEXAS 78520 | BROWNSVILLE, TX. 78520 |
| PHONE NO. (956) 544-7100 | PHONE NO. (956) 544-0849 |
| FAX NO. (956) 544-0647 | FAX NO, (956) 544-0869 |

---

MAILED TO THE COURT OF APPEALS FOR THE 13TH DISTRICT
OF TEXAS, AT CORPUS CHRISTI, ON THE 22ND DAY
OF JUNE, 1999.

AURORA DE LA GARZA
CAMERON COUNTY DISTRICT CLERK

BY _Jessica Cruz_ , DEPUTY
JESSICA CRUZ

---

FILED IN THE COURT OF APPEALS FOR THE 13TH DISTRICT OF
TEXAS, AT CORPUS CHRISTI

HON. CATHY WILBORN, CLERK RECEIVED JUN 23 1999

BY_____, DEPUTY

CAUSE NO. 96-CR-1627-B

| | |
|---|---|
| THE STATE OF TEXAS | IN  THE  COURT  OF |
| VS. | CAMERON  COUNTY,  TEXAS |
| EDWARD LAFONTAINE | 138TH  JUDICIAL DISTRICT |

I N D E X

| INSTRUMENT | PAGE |
|---|---|
| CAPTION............................................... | 1 |
| CRIMINAL DOCKET SHEETS................................ | 2 |
| INDICTMENT FILED 12/11/96............................. | 8 |
| JUDGMENT OF JURY VERDICT OF GUILTY PUNISHMENT FIXED BY JURY-PROBATION GRANTED (SIGNED 04/04/97)........... | 10 |
| STATE'S MOTION TO REVOKE PROBATED SENTENCE FILED 06/25/97......................................... | 17 |
| STATE'S FIRST AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE FILED 09/28/98.......... | 18 |
| STATE'S SECOND AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE FILED 09/30/98.......... | 20 |
| STATE'S THIRD AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE FILED 04/28/99.......... | 23 |
| JUDGMENT REVOKING SUPERVISION SENTENCE TO INSTITUTIONAL DIVISION (SIGNED 05/10/99).............. | 26 |
| NOTICE OF APPEAL FILED 05/24/99...................... | 30 |
| REQUEST FOR TRANSCRIPT FILED 05/24/99................ | 32 |
| INDIGENT'S MOTION FOR STATEMENT OF FACTS FILED 05/24/99......................................... | 35 |
| ORDER ON INDIGENT'S MOTION FOR STATEMENT OF FACTS (SIGNED 06/03/99)..................................... | 37 |
| CLERK'S CERTIFICATE.................................. | 38 |

*(clmp. 5/10/99)* [handwritten]

God+h = 7/9/99 [handwritten]

C A P T I O N

THE STATE OF TEXAS      ) (

COUNTY  OF CAMERON      ) (

     IN  THE  138TH  DISTRICT  COURT OF  CAMERON  COUNTY
TEXAS, THE HONORABLE ROBERT GARZA. JUDGE PRESIDING THE FULL
FOLLOWING PROCEEDINGS  WERE  HELD  AND THE FOLLOWING INSTRUMENTS
AND OTHER PAPERS WERE FILED IN THIS CAUSE, TO WIT:

     TRIAL COURT CAUSE NO. 96-CR-1627-B

| THE STATE OF TEXAS | IN THE DISTRICT COURT OF |
|---|---|
| VS | CAMERON  COUNTY, TEXAS |
| EDWARD LAFONTAINE | 138TH JUDICIAL DISTRICT |

1

# CRIMINAL DOCKET   REPORTED

**Case No.** 96-CR-00001627-B
**DEF ID#:** 92941

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING |
| --- | --- | --- | --- |
| | DISTRICT ATTORNEY, CAMERON COUNTY | SEXUAL ASSAULT | Month / Day / Year |
| THE STATE OF TEXAS | | 4 | 12  11  96 |
| VS. | | | |
| EDWARD K. LAFONTAINE | Chester Gonzalez | | |
| A/K/A EDWARD KENT HAVERSPERGER | | | |
| DOB: 01/00/61 | | | |

| DATE | ORDERS OF COURT | PAPERS FILED |
| --- | --- | --- |
| | TRANSFERRED FROM THE 444TH DISTRICT COURT. HARRELL HUBBER BENJAMIN EURESTI, JR./gm | 12/11/96 ORDER TRANSFERRING CAUSE |
| JAN. 13 1997 | ARRAIGNMENT SET FOR JANUARY 22, 1997 AT 9:00 A.M.  R.GARZA/gm | 1/6/1 |
| 1  22  97 | To be re-set; defendant in custody in Missouri. Rzarza/cap | 1/16/97  BOND(50,000 C/S) UA |
| | | 1/16/97  NOTICE OF ARRAIGNMENT |
| 2  12  97 | State announced ready. Defendant waived formality of arraignment and entered a plea of not guilty. Case set for trial on February 24, 1997; with announcements on February 21, 1997 at 9:00 a.m. Rzarza/cap | 1/16/97  CAPIAS AND PRECEPT ISSUED  SERVED: |
| 2  10  97 | Hon. Chester Gonzalez is hereby appointed for defendant as per order signed. Rzarza/mo | 2/12/97  Order appointing attorney  FILED: |
| | | 2/12/97  Def's Waiver of arraignment |
| | | 2/24/97  Def's election of jury to assess punishment |
| | | 2/24/97  Def's motion for community supervision |
| | | 2/24/97  Def's motion to disclose extraneous offenses |
| | | 2/24/97  Def's motion to list state's witnesses |
| | | 2/24/97  Def's motion to produce exculpatory & mitigating evidence |
| | | 2/24/97  Def's motion for discovery & inspection of evidence |

VOL. CR.        PAGE.

2

MINUTES OF COURT

| Date | Entry |
|---|---|
| 2/24/97 | Def's motion for production of evidence favorable to the accused |
| 2/24/97 | Jury Chosen |
| 2/26/97 | Court's charge to the jury |
| 2/26/97 | Verdict |
| 2/26/97 | Charge of the court on punishment |
| 2/26/97 | Verdict |
| 3/17/97 | PSI |

3  24  97

All parties announced ready for further hearing as to punishment. Punishment assessed at confinement in TDCJ for ten (10) years, probated for ten (10) years, under usual terms. Defendant sentenced to 120 days CCI - credit for time served.

# CRIMINAL DOCKET

Case No. 96-CR-1627-B

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING |
| --- | --- | --- | --- |
| | | | Month | Day | Year |
| THE STATE OF TEXAS VS. EDWARD K. LAFONTANIE AKA EDWARD KENT HAVERSPERGER | DISTRICT ATTORNEY, CAMERON COUNTY | SEXUAL ASSAULT | 12 | 11 | 96 |

| Date of Orders | ORDERS OF COURT | PAPERS FILED |
| --- | --- | --- |
| Month | Day | Year | | |
| | | | | 5/15/97  State's motion to withdraw state's exhibits |
| 3 | 24 | 97 | court costs at $5.00 per month; probation fees at the rate of $25.00 per month; crime stoppers fees of $50.00 within 60 days; reimburse Cameron County for attorney's fees in the amount of $500.00 at $10.00 per month; P.S.I. fees in the amount of $300.00 at $5.00 per month; 450 hours of community service; receive alcohol and drug counseling; no alcohol and drug consumption; register with local or county law enforcement agency as a Sexual offender; I-S.P.; avoid victim and family; case may be transferred to Kansas City, Missouri; Sexual Offenders Program; and not to return to this County.  Rgarza/cap | |
| 3 | 25 | 97 | Def ordered to remain in Cameron Co. until he obtains gainful and/or steady employment in Brownsville, Texas and will be allowed to remain in Cameron Co. to be supervised thereunder | |
| 4 | 4 | 97 | JUDGMENT ON JURY VERDICT OF GUILTY PUNISHMENT FIXED BY JURY-PROBATION GRANTED SIGNED FOR ENTRY. RGarza/RMC | PROB. GRANTED |
| 5 | 16 | 97 | Order Granting State's motion to withdraw state's exhibits, Court Reporter release all State exhibits to District Attorney's office signed for entry. RGarza/rmo | |

VOL. CR. _____    PAGE _____

**4**

# CRIMINAL DOCKET

Case No. 96-CR-1621-B

DEFENDANT No. 02941

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| THE STATE OF TEXAS vs EDWARD K. LAFONTAINE | DISTRICT ATTORNEY: CAMERON COUNTY Alfredo Padilla (?) | SEXUAL ASSAULT | 4 | 12 | 11 | 96 |
| D.O.B. 01/04/61 | | | | | | |

| ORDER OF COURT | PAPERS FILED |
|---|---|
| | MOTION TO REVOKE FILED _____ |
| | MOTION TO REVOKE FILED _____ |
| 8/01/97 ORDER OR ARREST | |
| 8/11/97 CAPIAS ISSUED | |
| Hearing on State's Motion to Revoke set September 3, 1998, 9:00 a.m.; Clerk ordered to issue a capias warrant for defendant in Travis county jail. Hon. Alfredo Padilla appointed to represent defendant. RGARZA/rhs. | 8/20/98 BENCH WARRANT ISSUED SERVED: _____ |
| TO ISSUE CAPIAS WITH NO BOND. RGARZA/8am | 9/10/98 BENCH WARRANT ISSUED SERVED \rest..... FILED 9/16/98 |
| MOTION TO REVOKE FILED. DEF ORDERED TO APPEAR IN COURT INSTANTER. RGARZA/8am | |

VOL CR _____ PAGE _____

5

MINUTES OF COURT

| | |
|---|---|
| 9/29/98 | ORDER SETTING HEARING AND ORDERING ARREST. CAPIAS ISSUED. SERVED: |
| | STATE'S FIRST AMENDED MOTION TO REVOKE SET FOR TEN DAYS FOLLOWING ARREST. ORDERED TO ISSUE CAPIAS WITH NO BOND. RGARZA/jam    CLERK |
| 10/01/98 | FILED: SERVED: |
| | STATE'S SECOND AMENDED MOTION TO REVOKE SET FOR TEN DAYS FOLLOWING ARREST. ORDERED TO ISSUE CAPIAS WITH NO BOND. RGARZA/jam    CLERK |
| 09/30/98 | ORDER SETTING HEARING AND ORDERING ARREST |
| 10/01/98 | CAPIAS ISSUED SERVED: 4-29-99    FILED: 4-23-99 |
| 10/01/98 | BENCH WARRANT ISSUED SERVED: |
| 4/29/99 | ORDER SETTING HEARING AND ORDERING ARREST CAPIAS ISSUED SERVED: 5/03/99    FILED: 5/6/00 |
| 4/21/99 | DEFT, EDWARD R. LAFONTAINE'S MOTION TO RECUSE JUDGE ROBERT GARZA |
| 4/21/99 | DEFT, EDWARD R. LAFONTAINE'S MOTION TO DISQUALIFY THE CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE |
| 4/21/99 | DEFT'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL ACT |

STATE'S THIRD AMENDED MOTION TO REVOKE SET FOR TEN DAYS FOLLOWING ARREST. ORDERED TO ISSUE CAPIAS WITH NO BOND. RGARZA/jam    CLERK

VOL _____ PAGE _____

6

# CRIMINAL DOCKET

Case No. 96-CR-1627-B

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING |
| --- | --- | --- | --- |
| | | | Month | Day | Year |
| THE STATE OF TEXAS VS. | DISTRICT ATTORNEY, CAMERON COUNTY | SEXUAL ASSAULT | 12 | 11 | 96 |

| Month | Day | Year | ORDERS OF COURT | PAPERS FILED |
| --- | --- | --- | --- | --- |
| | | | | |
| 5 | 10 | 99 | JUDGMENT REVOKING SUPERVISION SENTENCE TO INSTITUTIONAL DIVISION SIGNED 05/24/99 FOR ENTRY. RGARZA/RMO | 05/24/99 NOTICE OF APPEAL 05/24/99 INDIGENT'S MOTION FOR STATEMENT OF FACTS REQUEST FOR TRANSCRIPT |
| 06 | 03 | 99 | ORDER GRANTING INDIGENT'S MOTION FOR STATEMENT OF FACTS, SIGNED FOR ENTRY. RGARZA/JC | |

VOL. CR. _____ PAGE _____

7

SEXUAL ASSAULT (ADULT CTIM)                                                    #25
DOB: 1/4/61

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

THE GRAND JURORS, for the County of Cameron, State aforesaid, duly organized as such at the    JULY

Term, A.D. 19 96 , of the       JUDICIAL DISTRICT                        in and for

said County, upon their oaths in said Court, present that    EDWARD K. LAFONTAINE
                                                             A/K/A EDWARD KENT
                                                             HAVERSPERGER

hereinafter called Defendant ,

on or about the    27TH       day of        MARCH        A.D. One Thousand Nine

Hundred and    NINETY-FIVE        and anterior to the presentment of this indictment, in the County of

Cameron and State of Texas, did then and there unlawfully  ,  intentionally   and   knowingly
cause  the  penetration  of  the  female  sexual  organ  of  CANDICE  McADAMS,
the  victim,  by  means  of  the  Defendant's  penis,  without  the  victim's
consent  in  that  the  Defendant  compelled  the  victim  to  submit  and
participate by the use of force,

against the peace and dignity of the State.

Foreman of the Grand Jury

96-CR-1627-B

8

**THE STATE OF TEXAS**
COUNTY OF CAMERON

I, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-

going is a true and correct copy of the Original Bill of Indictment, filed in said Court on_____

_____A D 19_____ in Cause No._____, styled the State of Texas vs.

Given under my hand and seal of said court, at office in Brownsville, Texas, this. _____day

of_____A D 19._____

AURORA DE LA GARZA        , Clerk

By _____Deputy

---

THE STATE OF TEXAS

vs.

EDWARD K. LAFONTAINE

A/K/A EDWARD KENT HAVERSPERGER

**INDICTMENT**

OFFENSE:

SEXUAL ASSAULT

Criminal County Attorney:

LUIS V. SAENZ

A TRUE BILL:

_____
Foreman of Grand Jury

Filed on: DEC 14 1996

AURORA DE LA GARZA, CLERK OF DISTRICT COURTS OF CAMERON COUNTY, TEXAS

By_____Deputy

Amount of Bail $ _____

96-CR-1627-B

ID# 9294

NAMES OF WITNESSES

9

APR 0 7 REC'D

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| EDWARD K. LA FONTAINE, | § | 138TH JUDICIAL DISTRICT |

AKA: EDWARD KENT HAVERSPERGER

## JUDGMENT ON JURY VERDICT OF GUILTY
## PUNISHMENT FIXED BY JURY-PROBATION GRANTED

Judge Presiding: ROBERT GARZA                Date of Judgment: 4/4/97

State's                                      Defendant's

Attorney:    Bill Hagen                      Attorney: Chester R. Gonzalez

Offense

Convicted of:    Sexual Assault

Degree of Offense:    Second Degree Felony          Date Offense Committed: 3/27/95

Charging Instrument: Indictment

Plea:   Not Guilty

Jury Verdict:  Found Guilty of Sexual Assault          Foreman:  James O. Cooper

Plea to Enhancement                          Enhancement

Paragragh(s):  n/a                           Paragraphs:   n/a

Findings on Use of Deadly Weapon: n/a

Punishment assessed by: Jury

Date sentence imposed:  3/24/97               Costs: $124.50

Sentence of Confinement

or Imprisonment:     Ten (10) Years TDCJ-ID         Fine:   -0-

Period of Supervision: Ten (10) Years         Date to Commence:  2/24/97

This sentence is to be served concurrent with any other sentence unless otherwise specified.

BE IT REMEMBERED that on the **24th day of February, 1997**, this cause was called to trial and the State appeared by her Assistant Criminal District Attorney, and the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger**, appeared in person, his counsel by employment, the Hon. Chester R. Gonzalez, also being present, and the Defendant, having been duly arraigned, pleaded Not Guilty and both parties announced ready for trial; thereupon a jury of good and lawful persons, to wit:  James O. Cooper and eleven others, was duly selected, empaneled and sworn according to the law and charged by the Court on separation; whereupon said cause was recessed until February 25, 1997.

10

THEREAFTER, on February 25, 1997, the indictment was read to the jury and the Defendant entered his plea of Not Guilty thereto whereupon the State introduced evidence through January 30, 1997, and rested. Defendant introduced evidence and rested. All parties closed. Whereupon the charge was prepared and submitted to all counsel.

THEREAFTER, the Court charged the jury as to the law applicable to said cause and argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider their verdict, and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is here now entered upon the Minutes of the Court, to wit:

"We, the Jury, find the defendant, Edward K. LaFontaine, aka: Edward Kent Haversperger, "GUILTY" of the offense of Sexual Assault as charged in the indictment.

/s/ James O. Cooper
Presiding Juror"

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger**, is guilty of the offense of **Sexual Assault** as found by the Jury, and that said offense was committed on **March 27, 1995.**

THEREUPON, the Defendant, having previously elected in writing to have his punishment assessed by the same Jury, the same jury was duly empaneled to assess said Defendant's punishment in said cause, and the evidence submitted for the State and for the Defendant was duly heard, and at the conclusion of such evidence, the Court charged the jury with additional instructions as to the law applicable to punishment of said cause and arguments of State and Defendant were duly heard and concluded and the jury retired in charge of the proper officer to consider their verdict as to Defendant's punishment, and thereafter returned into open court, accompanied by the proper officer, the Defendant and his counsel being present, and in due form of law, the following verdict, which was received by the Court is here now entered upon the Minutes of the Court, to wit:

"We, the Jury, having found the defendant, Edward K. LaFontaine, aka: Edward Kent Haversperger, guilty of Sexual Assault, assess his punishment at confinement in the Texas Department of Criminal Justice, Institutional Division for 10 years (being not less than two (2) years nor more than ten (10) years). We find that he has not heretofore been convicted of a felony in this or any other State, and recommend that the imposition of sentence be suspended and that he be placed on probation for a term of __10__ years (being not less than two (2) years

**11**

nor more than ten (10) years).  We additionally assess a fine of $  NONE .  (Answer in dollars and cents, not exceeding $10,000.00 or "None")

/s/      James O. Cooper
Presiding Juror"

IT IS THEREFORE, CONSIDERED AND ADJUDGED by the Court that the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger,** is guilty of the offense of Sexual Assault, as found by the Jury, and that he be punished, as found by the Jury, that is by confinement in the Texas Department of Criminal Justice, Institutional Division, for a period of ten (10) Years and that the State of Texas do have and recover of and from said Defendant all costs in this prosecution for which execution may issue.

The said Defendant having made application in due time and form for probation under the Adult Probation and Parole Law of this State on his conviction herein, and the Court ordered a Pre-Sentence Report, and the cause was recessed until March 24, 1997.

On March 24, 1997, the Court having received and reviewed the Pre-Sentence Report, the Court being of the opinion and finding from the evidence herein that the Defendant, **Edward K. LaFontaine, aka: Edward Kent Haversperger,** should be placed on probation, as found by the jury, and that the imposition of sentence under the Judgment of this Court herein shall be and the same is hereby suspended for a period of **ten (10) Years** from the date hereof.  Said probation and suspension of imposition of said sentence shall be conditioned that the Defendant during the entirety of the term of probation shall:

(a)     Commit no offense against the laws of this State or any other State or of the United States;

(b)     Avoid injurious or vicious habits;

(c)     Avoid persons or places of disreputable or harmful character;

(d)     The Court orders the Defendant to participate fully in the Intensive supervision Program, for a period not to exceed one year from the date of this order unless otherwise extended by the Court.  The Defendant shall report in person to the Intensive Supervision Officer at the Community Supervision and Corrections Department of Cameron county, Texas Office once per week on Tuesdays for Defendants reporting in Brownsville and on Wednesday or Thursdays for Defendant reporting in San Benito, as directed by the Community Supervision Officer.  Provided, however, the community Supervision Officer may from time to time waive Defendant's reporting in person on each consecutive week.

(e)     Report to the community supervision Officer (in addition to the reporting required by (d) above) when, where and in the manner as may hereafter be ordered by the court through the Community Supervision Officer;

12

(f)    Permit the community Supervision Officer to visit Probationer at Probationer's home, work, or elsewhere at any and all times;

(g)    Work faithfully at suitable employment as far as possible;

(h)    Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the court to leave the county and filed it in the papers of this cause;

(i)    Pay court costs in the sum of $124.50 at the rate of $5.00 per month;

(j)    Pay a community supervision fee of $25.00 per month every month of the community supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $3,000.00 shall have been paid.

(k)    Pay Cameron County $500.00 reimbursement for attorney's fees paid Probationer's appointed counsel, in equal monthly installments of $10.00 each, between the first and tenth day of every month beginning in the month next following entry of this Judgment and continuing until such reimbursement is paid in full;

(l)    Pay the Community Supervision and Corrections Department of Cameron County, Texas, $300.00 reimbursement for Pre-Sentence Investigation conducted, payable at the rate of $5.00 per month;

(m)    Attend alcohol and drug abuse counseling classes as directed by the Community Supervision and Corrections Department of Cameron County, Texas;

(n)    Provide (450) hours of community service, within the first two (2) years of community supervision period, as directed by the Community Supervision and Corrections Department of Cameron County, Texas;

(o)    Support Probationer's legal dependents;

(p)    Submit to random urine analysis by authorized personnel for the probation department, reveal to said authorized personnel proof of any medications legally prescribed prior to submitting specimen. A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in an adjudication of guilt or revocation of community supervision;

(q)    File with the Community Supervision Officer at the Community Supervision and Corrections Department of Cameron County, Texas office between the first and tenth day of every month next following a default in any payment required of Probationer by this Judgment a detailed statement in writing under oath of all income and expenses received and expended by the Probationer during the entire month in which the default occurred.

(r)    File with the Probation Officer at the Community Supervision and Corrections Department of Cameron County, Texas Office every month next following a calendar month in which Probationer was gainfully employed less than 150 hours a detailed statement in writing under oath of all efforts made by Probationer to secure and hold employment during the entire month in which not gainfully employed 150 hours.

(s)    Within ten (10) days after the event, report in writing to the Community Supervision Officer any arrest of probationer and/or criminal charge filed against probationer.

13

(t)  Serve (120) days in the Cameron County Jail, to be served consecutively, with dit of (53) days already served;

(u)  Pay $50.00 to a local Crime Stoppers Program, pursuant to Art. 42.12, Sec. 11 (18)(h), of the Texas Code of Criminal Procedure, payable within (60) days;

(v)  Abstain from all alcohol and/or drug consumption.

(w)  Register with local or county law enforcement agency as a sexual offender, as directed by the Cameron County Community Supervision and Corrections Department;

(x)  Avoid the victim and family in this cause, as directed by the Cameron County Community Supervision and Corrections Department;

(y)  Participate in the Sexual Offenders Program, as directed by the Cameron County Community Supervision and Corrections Department;

By the term "the Supervision Officer" as used herein is meant any Cameron County Supervision Officer; by the term "Community Supervision and Corrections Department is meant the Cameron County Community Supervision and Corrections Department, First Floor, Cameron County Courthouse, Brownsville, Texas.

All payment required of defendant by this Judgment shall be paid within the time specified at the Community Supervision and Corrections Department to the Supervision Officer for which defendant shall receive the Supervision Officer's sequentially numbered receipt evidencing payment.

All payments received under this Judgment shall be forthwith deposited by the Supervision Officer in the Cameron County Community Supervision and Corrections Department Trust Fund (previously referred to as the Cameron County Adult Probation Trust Fund) in the County Depository and thereafter disbursed in accordance with the District Courts' Order of March 21, 1975, recorded in Volume 63, Page 284-A, of the Minutes of this Court. Under the authority of that Order and this Judgment, disbursement shall be made without further order of the Court:

2.  to the District Clerk of Cameron County, Texas for court costs in the amount of $124.50;

2.  Reimburse Cameron County for payment of court-appointed counsel in the amount of $300.00;

such disbursement to be made upon full collection of the amounts above specified or periodically on a pro rata basis. All other payments made under this Judgment shall wait further written order of the Court as per the District Courts' Order of March 21, 1975.

This Court reserves all rights vested in it by law to control by its further orders, the modification and termination of the provisions of the community supervision hereinabove set out, its jurisdiction being thereby expressly reserved until the satisfactory fulfillment of the conditions of said community supervision.

**14**

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

SIGNED FOR ENTRY:  April 4, 1997.

ROBERT GARZA
Judge Presiding

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA, DIST. CLERK

APR - 7 1997

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY_____ DEPUTY
Rosa Maria Ochoa

**15**

CAUSE NO.: __96-CR-1627-B__

THE STATE OF TEXAS                    *    IN THE DISTRICT COURT OF

vs                                    *    CAMERON COUNTY, TEXAS

__Edward K. Lafontaine__              *    __138th__  JUDICIAL DISTRICT

__DEFENDANTS' THUMBPRINT__

The following is the thumbprint of the right thumb of:_____
__Edward K. Lafontaine_____, Defendant in this cause, _____

_____ in this Court:



(Defendant's Initials)

Taken on this _10ᵗʰ_ day of _March_, 1997 by:

_____
(Signature)

_____
Title of Person Authorized
To Take Thumbprint

Judgment signed for entry herein the _4th_ day of _April_ 19_97_

E X H I B I T   " A "

CSCD

CA FORM : THUNDC
1/6

16

FILED _____ O'CLOCK ___
AURORA DE LA GARZA BY CLERK

JUN 25 1997

THE STATE OF TEXAS                          D/O/B: <u>01-04-61</u>
        VS                          ADDRESS: <u>423 W. Summit</u>
EDWARD LaFONTAINE                           <u>Delphi, IN  46923</u>

CAUSE NUMBER: <u>96-CR-1627-B</u>

## STATE'S MOTION TO REVOKE PROBATED SENTENCE

NOW COMES, The State of Texas, by and through her Assistant Criminal District Attorney, and would show the Court that <u>Edward LaFontaine</u>, the Defendant against whom Judgement of Conviction rendered herein on <u>March 24, 1997</u>, for the offense of <u>Sexual Assault</u>; and who was assessed punishment of confinement in the <u>Texas Department of Criminal Justice Institutional Division</u> for a term of <u>ten (10) years</u>, and whose sentence upon said conviction was probated for a period of <u>120</u> months, and who was then and there probated to the Adult probation Office, has violated the terms and conditions of said probation since it was granted in this, to wit:

| ORDERED TO PAY: | | TO BE PAID BY: | ARREARAGE: | |
|---|---|---|---|---|
| Probation Costs | $3,000.00 | $25.00 monthly | $ | 125.00 |
| Court Costs | $  124.50 | $ 5.00 monthly | $ | 15.00 |
| Fine | $ | | $ | |
| Restitution | $   50.00 | May 24, 1997 | $ | 50.00 |
| Attorney's Fees | $  500.00 | $10.00 monthly | $ | 30.00 |
| D.W.I. Classes | $ | | $ | |
| P.S.I. Fee | $  300.00 | $ 5.00 monthly | $ | 15.00 |

TOTAL ARREARS: $  235.00
TOTAL BALANCE: $3,974.50

        Furthermore, another condition of said probation states the Defendant must report to the Probation Officer at the Probation Office weekly following the entry of the Probation Judgement. Defendant has also failed to report as requested for the <u>12</u> separate weeks of: <u>03/24/97, 04/07/97, 04/14/97, 04/21/97, 04/28/97, 05/05/97, 05/12/97, 05/19/97, 05/26/97, 06/02/97, 06/09/97, 06/16/97.</u>
        That said violation of the terms of probation occurred during the period during which the sentence in this case was made probationary.
        WHEREFORE, Petitioner prays that <u>Edward LaFontaine</u> Defendant herein, be cited to appear before the Honorable Court at a time and place specified by this Court to show cause, if any he may have, why probation heretofore granted in this cause should not be revoked, and adjudication of guilt, pronouncement and sentence should not be entered, that a capias for the arrest of Defendant be issue and that upon final hearing, the probation heretofore granted to the Defendant on the original plea of guilty herein entered and deferred, be in all things revoked, as the same appears on the docket of this Court, and that the Clerk issue all necessary papers, including Judgement, sentence and commitment, the same as if no probation had ever been granted herein, and for such other orders as the Court may direct.

DATE: <u>June 25, 1997</u>

                                    _____
                                    ASSISTANT CRIMINAL DISTRICT ATTORNEY
PROBATION OFFICER NO.: <u>0050</u>

17

HORACE DE LA GARZA DIST. CLERK

**SEP 28 1998**

NO 96-CR-1627-B

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS | § | OF CAMERON COUNTY, TEXAS |
| EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER | § | 138TH JUDICIAL DISTRICT |

## STATE'S FIRST AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE

NOW COMES, Yolanda de León, County (Criminal District) Attorney of Cameron County, Texas, and would show the Court that EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, the Defendant against whom Judgment of conviction was rendered herein upon his plea of guilty to SEXUAL ASSAULT, on APRIL 4, 1997, and who was assessed a punishment of confinement in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION for a period TEN (10) years and whose sentence upon said conviction was placed on community supervision for a period of TEN (10), and who was then and there to be supervised by the Adult Community Supervision Office, has violated the terms and conditions of said community supervision since it was granted in this, to-wit:

That the terms and conditions of said community supervision, among other things, provided that defendant shall

Commit no offense against the laws of this State or any other State or of the United States:

The said Yolanda de León would further show unto the Court that the said Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, has violated the terms of his said community supervision in this, to-wit:

That the Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, on or about the 9th, day of March, 1998, did then and there intentionally or knowingly enter a building of another, namely, Travis Dye, without the effective consent of the said Travis Dye, and the said defendant had notice that the entry was forbidden.

That such violation of the terms of community supervision occurred during the period of community supervision

**18**

WHEREFORE, Petitioner prays that a capias be issued for the arrest of EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, Defendant herein, that within ten (10) days following the arrest of the Defendant, Defendant be brought before the Court so that the Defendant can be advised of the present motion, enter a plea, and where necessary, a hearing on the merits of the motion be set; and that upon final hearing, the community supervision heretofore granted to this Defendant on the original judgment of conviction herein entered, be in all things revoked, and that the said Defendant be confined in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION for a period of TEN (10) years in this cause, as the same appears on the docket of this Court, and that the Clerk issue all necessary papers, including judgment, sentence and commitment, the same as if no community supervision had ever been granted herein, and for such other orders as the Court may direct.

Yolanda de León
County (Criminal District) Attorney
Cameron County, Texas

BY: _____

Terra L. Bay
Assistant County (Criminal District)
Attorney
Bar No. 00796177

**19**

SEP 30 1998

NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS | § | OF CAMERON COUNTY, TEXAS |
| EDWARD K. LA FONTAINE<br>AKA: EDWARD KENT HAVERSPERGER | § | 138TH JUDICIAL DISTRICT |

## STATE'S SECOND AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE

NOW COMES, Yolanda de León, County (Criminal District) Attorney of Cameron County, Texas, and would show the Court that EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, the Defendant against whom Judgment of conviction was rendered herein upon his plea of guilty to SEXUAL ASSAULT, on APRIL 4, 1997, and who was assessed a punishment of confinement in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION for a period TEN (10) years and whose sentence upon said conviction was placed on community supervision for a period of TEN (10), and who was then and there to be supervised by the Adult Community Supervision Office, has violated the terms and conditions of said community supervision since it was granted in this, to-wit:

That the terms and conditions of said community supervision, among other things, provided that defendant shall:

Commit no offense against the laws of this State or any other State or of the United States;

Report to the community supervision Officer when, where and in the manner as may hereafter by ordered by the court through the Community Supervision Officer;

Remain in Cameron County, Texas, unless Probationer shall have first secured the written consent of the court to leave the county and filed it in the papers of this cause;

Pay a community supervision fee of $25.00 per month every month of the community supervision period between the first and tenth day of the month beginning in the month next following entry of this Judgment until the sum of $3,000.00 shall have been paid;

20

The said Yolanda de León would further show unto the Court that the said Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, has violated the terms of his said community supervision in this, to-wit:

That the Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, on or about the 9th, day of March, 1998, did then and there intentionally or knowingly enter a building of another, namely, Travis Dye, without the effective consent of the said Travis Dye, and the said defendant had notice that the entry was forbidden

That the Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, failed to report for the 12 separate weeks of March 24, 1997, April 7, 1997, April 14, 1997, April 21, 1997, April 28, 1997, May 5, 1997, May 12, 1997, May 19, 1997, May 26, 1997, June 2, 1997, June 9, 1997, and June 16, 1997;

That the Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, has left the County without written consent;

That the Defendant, EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, failed to pay community supervision fee as ordered by the court and is in arrears $125.00;

That such violation of the terms of community supervision occurred during the period of community supervision

WHEREFORE, Petitioner prays that a capias be issued for the arrest of EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER, Defendant herein, that within ten (10) days following the arrest of the Defendant, Defendant be brought before the Court so that the Defendant can be advised of the present motion, enter a plea, and where necessary, a hearing on the merits of the motion be set; and that upon final hearing, the community supervision heretofore granted to this Defendant on the original judgment of conviction herein entered, be in all things revoked, and that the said Defendant be confined in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION for a period of TEN (10) years in this cause, as the same appears on the docket of this Court, and that the Clerk issue all necessary papers, including judgment, sentence and commitment, the same as if no community supervision had ever been granted herein, and for such other orders as the Court may direct.

21

Yolanda de León
County (Criminal District) Attorney
Cameron County, Texas

BY: _____

Terra L. Bay
Assistant County (Criminal District)
Attorney
Bar No 00796177

NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS | § | OF CAMERON COUNTY, TEXAS |
| EDWARD K. LA FONTAINE<br>AKA: EDWARD KENT HAVERSPERGER | § | 138TH JUDICIAL DISTRICT |

## STATE'S SECOND AMENDED MOTION TO REVOKE COMMUNITY SUPERVISION PROBATED SENTENCE

NOW COMES, Yolanda de León, County (Criminal District) Attorney of Cameron County, Texas,

and would show the Court that EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER,

the Defendant against whom Judgment of conviction was rendered herein upon his trial by jury for SEXUAL

ASSAULT, on APRIL 4, 1997, and ho was assessed a punishment of confinement in the TEXAS

DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION for a period TEN (10) years and

whose sentence upon said conviction was placed on community supervision for a period of TEN (10), and

who was then and there to be supervised by the Adult Community Supervision Office, has violated the terms

and conditions of said community supervision since it was granted in this, to-wit:

That the terms and conditions of said community supervision, among other things, provided that

defendant shall:

Report to the Community Supervision Officer when, where and in the manner as may
hereafter be ordered by the court through the Community Supervision Officer;

Work faithfully at suitable employment as far as possible;

Remain in Cameron County, Texas, unless Probationer shall have first secured the written
consent of the court to leave the county and filed it in the papers of this cause;

Pay court costs in the sum of $124.50 at the rate of $5.00 per month;

Pay a community supervision fee of $25.00 per month every month of the community
supervision period between the first and tenth day of the month beginning in the month next
following entry of this Judgment until the sum of $3,000.00 shall have been paid;

Pay Cameron County $500.00 reimbursement for attorney's fees paid Probationer's
appointed counsel, in equal monthly installments of $10.00 each, between the first and tenth
day of every month beginning in the month next following entry of this Judgment and
continuing until such reimbursement is paid in full;

23

Pay the Community Supervision and Corrections Department of Cameron County, Texas, $300.00 reimbursement for Pre-Sentence Investigation conducted, payable at the rate of $5.00 per month;

Attend alcohol and drug abuse counseling classes as directed by the Community Supervision and Corrections Department of Cameron County, Texas;

Provide (450) hours of community service, within the first two (2) years of community supervision period, as directed by the Community Supervision and Corrections Department of Cameron County, Texas;

Participate in the Sexual Offenders Program, as directed by the Cameron County Community Supervision and Corrections Department;

The said Yolanda de León would further show unto the Court that the said Defendant, <u>EDWARD K.</u>

<u>LA FONTAINE AKA: EDWARD KENT HAVERSPERGER</u>, has violated the terms of his said community

supervision in this, to-wit:

The defendant has failed to report to his community supervision officer as ordered by the Court for the months of: March 1997, April 1997, May 1997, June 1997, July 1997, August 1997, September 1997, October 1997, November 1997, December 1997, January 1998, February 1998, and March 1998;

The defendant has failed to work at suitable employment and provide proof of same to his probation officer as ordered by the Court;

The defendant failed to secure the written consent of the court before leaving Cameron County, Texas as evidenced by his March 9, 1998 arrest in Travis County, Texas;

The defendant has failed to pay his court costs as ordered by the Court and is arrears.
The defendant has failed to pay his community supervision fees as ordered by the Court and is in arrears;

The defendant has failed to reimburse Cameron County for his attorney's fees as ordered by the Court;

The defendant has failed to reimburse the Community Supervision and Correction Department for his pre-sentence investigation as ordered by the Court;

The defendant has failed to attend alcohol and drug abuse counseling classes as directed by the Community Supervisions and Corrections Department as ordered by the Court;

The defendant has failed to perform community service as ordered by the Court;

The defendant has failed to participate in the Sexual Offenders Program as ordered by the Court;

That such violation of the terms of community supervision occurred during the period of community

supervision.

24

WHEREFORE, Petitioner prays that a capias be issued for the arrest of <u>EDWARD K. LA FONTAINE AKA: EDWARD KENT HAVERSPERGER</u>, Defendant herein, that within ten (10) days following the arrest of the Defendant, Defendant be brought before the Court so that the Defendant can be advised of the present motion, enter a plea, and where necessary, a hearing on the merits of the motion be set; and that upon final hearing, the community supervision heretofore granted to this Defendant on the original judgment of conviction herein entered, be in all things revoked, and that the said Defendant be confined in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION for a period of <u>TEN</u> (10) years in this cause, as the same appears on the docket of this Court, and that the Clerk issue all necessary papers, including judgment, sentence and commitment, the same as if no community supervision had ever been granted herein, and for such other orders as the Court may direct.

Yolanda de León,
County (Criminal District) Attorney
Cameron County, Texas
BY: _____
Jeff T. Strange
Assistant County (Criminal District)
Attorney
Bar No. <u>19355650</u>

CAUSE NO. 96-CR-1627-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS<br>EDWARD K. LA FONTAINE, AKA | § | CAMERON COUNTY, TEXAS |
| EDWARD KENT HAVERSPERGER | § | 138TH JUDICIAL DISTRICT |

## JUDGMENT REVOKING SUPERVISION
## SENTENCE TO INSTITUTIONAL DIVISION

Judge Presiding:    ROBERT GARZA                    Date of Judgment:  5/10/99

State's                                             Defendant's

Attorney:        Jeff Strange                       Attorney:      Alfredo Padilla

Offense Convicted of:      Sexual Assault           Date of Conviction:    3/24/97

Degree of Offense:        Second Degree Felony      Date Offense Committed: 3/27/95

Date of Supervision Order:    4/4/97

Plea to Motion to Revoke:    True                   Finding of Court:  True

Term of Plea Agreement ( In Detail):  n/a

Conditions Violated:  d; e; g; h; I; j; k; l; m; n; and y;

as set out in the State's Motion to Revoke.

Date Sentence Imposed:      5/10/99                 Costs: $146.50

Sentence of Confinement

(Institutional Division):      Ten (10) Years       Fine:   -0-

Time Credited:          (320) days                  Date to Commence:   5/10/99

Total Amount of Restitution:        n/a

THIS SENTENCE TO BE SERVED CONCURRENT WITH ANY OTHER SENTENCE UNLESS OTHERWISE SPECIFIED.

    On the date stated above, the Defendant was duly and legally convicted of the offense

stated above, in the above numbered and entitled cause, and punishment was assessed and the

**26**

imposition of the sentence was suspended and the Defendant placed on community supervision as stated above, subject to the conditions of supervision set out in the order in this cause. Thereafter, and during the period of supervision, the State filed a Motion to Revoke Community Supervision in this cause, alleging that the Defendant had violated conditions of supervision set out in said order.

On the date stated above, both parties announced ready for trial, and the Defendant waived the reading of the Motion in open court and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of true to the allegations in the Motion. Thereupon, the Court admonished the Defendant of the consequences of said plea and, it appearing to the Court that the Defendant is competent and that the Defendant is not influenced in making said plea by any consideration of fear, or by any persuasion prompting said plea, the said plea of true is by the Court received and is here and now entered of record in the Minutes of the Court as the plea of the Defendant. The Court, after hearing all of the evidence for the State and the Defendant and argument of counsel, is of the opinion and finds that the Defendant violated the conditions of the Defendant's community supervision as stated above.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the order suspending the imposition of the sentence and placing the Defendant on community supervision, heretofore entered in this case, is hereby revoked on the date stated above. The Defendant, having previously been found guilty of the offense charged as set out in the finding of guilt, punishment is hereby assessed at **TEN (10) YEARS,** in the Texas Department of Criminal Justice, Institutional Division, and it is ORDERED that this punishment be carried into execution in the manner prescribed by law.

And thereupon the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

IT IS ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, be and is hereby sentenced to the punishment stated above. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be confined in the manner and for the period aforesaid. The Defendant is hereby remanded to the custody of the Sheriff until such time as the Sheriff can obey the directions of this sentence.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for (320) days on account of the time spent in jail.

SIGNED FOR ENTRY: May 10, 1999.

ROBERT GARZA
Judge Presiding

8 : 55 A

MAY 1 2 1999

Rosa Maria Ochoa

**28**

CAUSE NO.: _96-CR-1627-B_

THE STATE OF TEXAS        *    IN THE DISTRICT COURT OF

vs                   *    CAMERON COUNTY, TEXAS

_Edward K. La Fontaine_    *    _138th_ JUDICIAL DISTRICT
_ID 92941_
_D.O.B. 01-04-61_

### DEFENDANTS' THUMBPRINT

The following is the thumbprint of the right thumb of: _Edward K. La_
_Fontaine_____, Defendant in this cause, _96-CR-1627-B_
_____ in this Court:

|  |
| :---: |
| _(initials)_ |
| (Defendant's Initials) |

Taken on this _10_ day of _May_____, 19_99_ by:

_Jesse Montalvo_____
(Signature)

_____
Title of Person Authorized
To Take Thumbprint

Judgment signed for entry herein the _10th_ day of _May_____ 19_99_.

E X H I B I T    " A "

CA FORM : TYCRDC
1/6 : CRCD

**29**

FILED
AURORA DE LA GARZA DIST. CLER.

MAY 24 1999

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. 96-CR-1627-B

THE STATE OF TEXAS            *            IN THE DISTRICT COURT

VS.                          *            138TH JUDICIAL DISTRICT

EDWARD LAFONTAINE            *            CAMERON COUNTY, TEXAS

## NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

   Comes now EDWARD K. LAFONTAINE, Defendant in the above cause, on this 24th day of May, 1999, and files in duplicate this his Notice of Appeal of and from the judgment and sentence rendered in the above cause on May 10, 1999, to the Court of Appeals for the Thirteenth Supreme Judicial District of Texas at Corpus Christi, Texas.

                    Respectfully submitted,


                    ALFREDO PADILLA
                    Attorney for Defendant
                    State Bar No. 14504600
                    1000 E. Van Buren
                    Brownsville, Texas 78520
                    (956) 544-7100
                    Fax (956) 544-0647

**30**

```
Mr. Edward LaFontaine
c/o Cameron County Jail
954 E. Harrison
Brownsville, Texas 78520
```

CAUSE NO. 96-CR-1627-B

THE STATE OF TEXAS　　　　　*　　　　　IN THE DISTRICT COURT


VS.　　　　　　　　　　　　*　　　　　138TH JUDICIAL DISTRICT


EDWARD LAFONTAINE　　　　*　　　　　CAMERON COUNTY, TEXAS


<u>REQUEST FOR TRANSCRIPT</u>


TO THE DISTRICT CLERK OF CAMERON COUNTY, TEXAS:

　　　Comes now EDWARD LAFONTAINE, Defendant in the above cause, requests that the Clerk of the above Court, make and prepare an appellate record herein and does hereby designate and specify the following matter for inclusion in said record:

　　　1.　Index

　　　2.　The indictment herein.

　　　3.　The Judgment herein.

　　　4.　The sentence herein.

　　　5.　The Motion to Revoke Community Supervision

　　　6.　Defendant's written notice of appeal, if any.

　　　7.　Request of Reporter for transcription of notes.

　　　8.　Notice to parties of completion of record.

　　　9.　Notice to parties of approval of record.

　　10.　Order of Trial Court approving entire record.

　　11.　This written request and designation of material for inclusion in the record.


<u>REQUEST FOR TRANSCRIPT</u>　　　　　　　　　　　　　　　　　　　1

*32*

Respectfully submitted


ALFREDO PADILLA
Attorney for Appellant
    EDWARD LAFONTAINE
State Bar No. 15404600
1000 E. Van Buren
Brownsville, Texas 78520
(956) 544-7100
Fax (956) 544-0647

<u>REQUEST FOR TRANSCRIPT</u>                                         2

33

## CERTIFICATE OF SERVICE

I hereby certify that on the _24th_ day of May, 1999, a true and correct copy of the foregoing Notice of Appeal, Request for Transcript, Indigent's Motion to Statement of Facts and Order were hand-delivered to:

Hon. Yolanda de Leon
Cameron County District Attorney
974 E. Harrison
Brownsville, Texas 78520


ALFREDO PADILLA

**34**

CAUSE NO. 96-CR-1627-B

THE STATE OF TEXAS       *       IN THE ~~DISTRICT COURT~~

VS.       *       138TH JUDICIAL DISTRICT

EDWARD LAFONTAINE       *       CAMERON COUNTY, TEXAS

## INDIGENT'S MOTION FOR STATEMENT OF FACTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EDWARD LAFONTAINE, Defendant/Appellant by and through his attorney, Alfredo Padilla in the above cause, would show unto the Court that the Defendant herein as filed a Notice of Appeal. Furthermore Defendant herein requests that the entire record should have included on appeal to the Court of Appeals for the Thirteenth Supreme Judicial District of Texas, to include a transcription of all notes of the Reporter of all trial proceedings had at the above cause. Defendant/Appellant would further show that he is unable to pay or give security thereof.

Undersigned counsel would show that he was appointed to represent the Defendant/Appellant herein because Defendant/Appellant was too poor to employ counsel. Defendant/Appellant herein has advised undersigned counsel that he wishes to appeal the Court's verdict and judgment and that he is without funds to pay for a transcript of the proceedings wherein he

INDIGENT'S MOTION FOR STATEMENT OF FACTS       1

35

was sentenced by the Court.

WHEREFORE, Defendant EDWARD K. LAFONTAINE, through his attorney of record, Alfredo Padilla herein, moves the Court to set this motion for immediate hearing herein and, that upon hearing or absent said hearing, that this Court order the Reporter of this Court to make such transcription in duplicate without charge to Defendant and deliver same to the Defendant or the Clerk of this Court in time for inclusion in said record.

Respectfully submitted,

ALFREDO PADILLA
Attorney for Defendant/Appellant
  EDWARD LAFONTAINE
State Bar No. 15404600
1000 E. Van Buren
Brownsville, Texas 78520
(956) 544-7100
Fax (956) 544-0647

INDIGENT'S MOTION FOR STATEMENT OF FACTS                    2

36

CAUSE NO. 96-CR-1627-B

THE STATE OF TEXAS  *   IN THE DISTRICT COURT

VS.        *   138TH JUDICIAL DISTRICT

EDWARD LAFONTAINE  *   CAMERON COUNTY, TEXAS

O R D E R

On this _____ day of June, 1999, came on to be heard the application of EDWARD LAFONTAINE, Defendant in the above cause, for an Order of this Court directing the Reporter of this Court to make a transcription of all notes of the Reporter of all court proceedings had in the above cause in time for inclusion in the record of this case on appeal and the Court having heard the pleading and evidence of the parties and the Court having found therefrom that EDWARD LAFONTAINE, Defendant in the above cause, is unable to pay for the same or give security therefor and is indigent.

IT IS THEREFORE ORDERED AND DECREED that the Reporter of this Court make a transcription of all notes of the Reporter of all motion to revoke proceeding had in the above cause in duplicate without charge to the Defendant and deliver same to the Defendant or the Clerk of this Court in time for inclusion in the record for appeal.

SIGNED for entry on this the _____ day of June, 1999.

06/04/99 COPIES:
HON. YOLANDA DE LEON
HON. ALFREDO PADILLA
138TH COURT REPORTER AL FLORES JUDGE PRESIDING

JUN - 4 1999

C L E R K S '    C E R T I F I C A T E

THE STATE OF TEXAS        ) (

COUNTY OF CAMERON         ) (

    I, AURORA DE LA GARZA,  CLERK OF THE DISTRICT COURTS OF
CAMERON COUNTY, TEXAS DO   HEREBY CERTIFY THAT THE DOCUMENTS
CONTAINED  IN  THIS  RECORD TO WHICH THIS CERTIFICATION IS
ATTACHED ARE ALL OF THE DOCUMENTS SPECIFIED BY TEXAS RULE OF
APPELLATE PROCEDURE 34.5(a) AND ALL OTHER DOCUMENTS TIMELY
REQUESTED BY A PARTY  TO  THIS  PROCEEDING   UNDER   RULE OF
APPELLATE PROCEDURE 34.5(b).

                  TRIAL COURT NO. <u>96-CR-1627-B</u>

               EDWARD LAFONTAINE, APPELLANT

                    VS

           THE STATE OF TEXAS, APPELLEE

    GIVEN UNDER MY HAND AND SEAL AT MY OFFICE IN CAMERON
COUNTY,

TEXAS THIS <u>22ND </u>  DAY OF <u> JUNE </u>, <u>1999.</u>



                  AURORA DE LA GARZA
          CLERK OF THE DISTRICT COURTS OF
              CAMERON COUNTY, TEXAS
      BY
              JESSICA CRUZ

38