

CAUSE NO. 13-99-329-CR

IN THE COURT OF APPEALS
THIRTEENTH SUPREME JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

\* \* \* \* \*

EDWARD K. LAFONTAINE, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

\* \* \* \* \*

BRIEF FOR APPELLANT

\* \* \* \* \*

ALFREDO PADILLA
STATE BAR NO. 15404600
1000 E. VAN BUREN
BROWNSVILLE, TEXAS  78520
(956) 544-7100
FAX (956) 544-0647

ATTORNEY FOR APPELLANT

## TABLE OF CONTENTS

Table of Contents......................................... 2

List of Authorities....................................... 3

Nature of the Case........................................ 5

Statement of the Case..................................... 5

Point of Error No. 1...................................... 7

    A. Factual Background

    B. Argument and Authorities

Point of Error No. 2..................................... 12

    A. Factual Background

    B. Argument and Authorities

Point of Error No. 3..................................... 13

    A. Factual Background

    B. Argument and Authorities

Certificate of Interested Parties ....................... 16

Certificate of Service................................... 17

# LIST OF AUTHORITIES

## Cases

Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed. 101
        (1972)................................... 7,8,11

Burch v. State, 821 S.W.2d 385 (Tex.App.--Waco 1991)........ 12

Emery v. State, 881 S.W.2d 702 (Tex.Crim.App. 1994)......... 7

Ex parte Morgan, 616 S.W.2d 625 (Tex.Cr.App. 1981).......... 12

Gamez v. State, 737 S.W.2d 315 (Tex.Crim.App. 1987)......... 7

Guzman v. State, 955 S.W.2d 85 (Tex.Crim.App. 1997)......... 5

Harris v. State, 827 S.W.2d 949 (Tex.Crim.App.1992)......... 8

Holtzman v. State, 866 S.W.2d 728 (Tex.App.--Houston
        [14th Dist] 1993............................. 11

Hull v. State, 699 S.W.2d 220 (Tex.Crim.App. 1985).......... 7

Hunter v. State, 820 S.W.2d 5 (Tex.App.-- Austin, 1991)..... 8, 12

Johnson v. State, 954 S.W.2d 770 (Tex.Crim.App. 1997)....... 7

Kemp v. State, 846 S.W.2d 289 (Tex.Crim.App. 1992).......... 14

Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988,
        18 L.Ed. 2nd 1 (1967)........................ 7

Langston v. State, 800 S.W.2d 553 (Tex.Crim.App. 1990)...... 11

McClendon v. State, 661 S.W.2d 108 (Tex.Crim.App. 1983)..... 13,15

Meshell v. State, 739 S.W.2d 246 (Tex.Crim.App. 1987)....... 8

Musick v. State, 862 S.W.2d 794 (Tex.App.--El Paso 1993).... 13

Norton v. State, 755 S.W.2d 522 (Tex.App.Ct. Houston
        [1st Dist] 1988)............................. 14

Phillips v. State, 650 S.W.2d 396 (Tex.Crim.App. 1983)...... 9

Rodriguez v. State, 804 S.W.2d 516 (Tex.Crim.App. 1991)..... 11

APPELLANT'S BRIEF

Sinclair v. State, 894 S.W.2d 437 (Tex.App. Austin 1995).... 10

State v. Edwards, 683 S.W.2d 1 (Tex.Crim.App. 1990)......... 12

State v. Munoz, ____ S.W.2d _____, 1999, (Tex.Crim.App. 1999)............................................. 7

State v. Perkins, 911 S.W.2d 548 (Tex.App.-Fort Worth 1995). 8

United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed. 2nd 468 (1971).................... 8

Statutes and other authorities

Article 1, Section 19 of Texas Constitution................ 12

Fourteenth Amendment United States Constitution............ 12

Sixth Amendment United States Constitution................. 7

Tex. Code Crim. Proc. Ann Art 30.01 ....................... 14

Tex. Code Crim. Proc. Ann Art 32A.02....................... 7

Tex. Const. Art 1, Section 10.............................. 7

Tex. Const. Art V, Section 11.............................. 14

VTCA Local Gov't Code Section 87.013....................... 12

VTCA Local Gov't Code Section 87.0189(a)................... 12

CAUSE NO. 13-99-329-CR

IN THE COURT OF APPEALS
THIRTEENTH SUPREME JUDICIAL DISTRICT
CORPUS CHRISTI, TEXAS

\* \* \* \* \*

EDWARD K. LAFONTAINE, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

\* \* \* \* \*

BRIEF FOR APPELLANT

\* \* \* \* \*

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, EDWARD K. LAFONTAINE, hereinafter referred to as Appellant, and respectfully submits this his brief specifying errors of which Appellant complains on appeal and would show the Court the following:

## NATURE OF THE CASE

Appellant was tried before a jury on February 24-26, 1997 and was found guilty by the jury (Trans. Vol., P. 3) and sentenced was imposed by the jury on February 26, 1997.

Punishment was assessed on March 24, 1997, by the Honorable Judge Robert Garza based upon the jury verdict to a sentence of ten years in the Texas Department of Criminal Justice Institutional Division with release on community supervision (Trans. Vol., P. 10-15).

## STATEMENT OF FACTS

APPELLANT'S BRIEF

5

The State of Texas filed several Motions to Revoke alleging that the Appellant had violated certain conditions of community supervision (Trans. Vol., P. 17-25).

Several motions were urged by Appellant and ruled on by the Court and denied and as a result of such denial of the motions the Court proceeded to hear State's Third Amended Motion for Revoke.

The Appellant alleged in his motion before the 138th District Court that the Federal and State Constitutional against violation of due process were violated by the State not proceeding to hearing within 180 days from the date of his detention and also Appellant also alleged that the delay in the hearing has prejudiced the Appellant's defense. Furthermore the Appellant requested that the Cameron County District Attorney be disqualified to proceed on the Motion to Revoke because the Cameron County District Attorney's Office main purpose in pursuing the Motion to Revoke was to atone for their lack of action consistent with said motion.

The Court denied said motion to disqualify the district attorney and dismiss on the basis of violation of due process in not conducting the hearing without delay (Vol. 3, P. 83-84). The Appellant further requested that the Court dismiss the indictment for failure to comply with the State's speedy trial provisions and the Court denied such relief (Vol. 3, P. 83-84).

The Appellant filed a Motion to Recuse Judge Robert Garza as a result of a verbal confrontation between Appellant Lafontaine and Judge Robert Garza. Honorable Menton J. Murray considered the motion and denied said motion (Vol. 2, P. 22-23). At the close of

APPELLANT'S BRIEF

the State's case the Appellant made a motion for dismissal for lack of sufficient evidence and said motion was denied by the Court (Vol. 4, P. 41-42).

### POINTS OF ERROR

### POINT OF ERROR NO. 1

The Court erred in not granting Appellant's Motion for Dismissal of the Motion to Revoke for violation of the provisions of the Texas Speedy Trial Act.

### DISCUSSION AS TO POINT OF ERROR NO. 1

A criminal defendant's right to a speedy trial is guaranteed by the United States and Texas Constitution, U.S. Const. Amends. VI, XIV, Texas Const. Art 1 Section 10; Barker v. Wingo 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Emery v. State 881 S.W.2d 702 (Tex.Crim.App. 1994); Hull v. State 699 S.W.2d 220 (Tex.Crim.App. 1985).

The federal constitutional right to a speedy hearing is applicable to state prosecutions Klopfer v. North Carolina 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Appellate review of a trial court's decision to grant or deny a speedy trial claim has two parts, one being the factual components for abuse of discretion and legal components of the trial court' decision de novo, State v. Munoz ____S.W.2d ____, 1999, (Tex.Crim.App. 1999) which standards were incorporated from Guzman v. State 955 S.W.2d 85 (Tex.Crim.App. 1997) and Johnson v. State 954 S.W.2d 770 (Tex.Crim.App. 1997).

The court erred in not dismissing the case for violation of Article 32A.02 of the Texas Code of Criminal Procedure. The Court

APPELLANT'S BRIEF

7

previously in Meshell v. State 739 S.W.2d 246 (Tex. Crim. App. 1987) held such statute unconstitutional and the Court has then tried to come up with certain deadlines. The Supreme Court in Barker v. Wingo, 407 U.S. 514 (1972) stated four factors that should be considered when addressing the issue of speedy trial: (1) the length of delay, (2) reason for delay, (3) Defendant's assertion of the right, and (4) prejudice to the Defendant.

The record reflects that a motion for dismissal was considered by the Court and denied when the evidence clearly showed that the Appellant had been incarcerated for over twelve months with no appropriate action taken by the State of Texas through the Cameron County District Attorney.

**Length of delay.** The length of delay for purposes of speedy trial analysis is generally measured from the time a defendant is arrested or formally charged, United States v. Marion 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); Harris v. State 827 S.W.2d 949 (Tex.Crim.App.1992). Once a presumption of prejudice is raised the burden of excusing the delay rests with the State, State v. Perkins 911 S.W.2d 548 (Tex.App.-Fort Worth 1995 no. pet.). The Appellant testified that he had been incarcerated 321 days since being detained and held on Cameron County capias and although he was transferred outside the State of Texas that the District Attorney failed to take any diligent actions to bring the Appellant before the Court (Vol. 2, P. 6).

**Reason for delay.** The State bears the burden of justifying the trial delay, and if the record is silent, or the reasons given

8

are insufficient to excuse the delay, the Appellate Court must presume that no valid reason for the delay existed, <u>Phillips v. State</u> 650 S.W.2d 396 (Tex.Crim.App.1983).

The witness Garcia testified that as early at April 1999 she knew that a motion to revoke had been filed against the Appellant (Vol. 3, P. 15). The same witness testified that as of September 3, 1999, over 180 days had elapsed since the State was notified that the Appellant was being detained (Vol. 3, p. 17-18).

The witness Garcia testified that no one at the District Attorney's office knew that the Appellant had been transferred to another county and that no efforts were made by the District Attorney to ascertain the whereabouts of the Appellant (Vol. 3, P. 19-20). On cross-examination the witness testified that she did not know what charges, if any, were pending against the Appellant in Travis County (Vol. 3, P. 22).

The Appellant testified that the Cameron County warrant which was signed by the Court on October 1, 1998, required the Appellant to be brought to Cameron County, Texas, within 10 days and he was not transferred to Cameron County until February 25, 1999 (Vol. 3, P. 27-28).

Probation officer Mata testified that the Cameron County Sheriff Department never communicated with him concerning the warrant (Vol. 3, P. 44). Witness Mata testified that the Third Amended Motion contained additional alleged violations by Appellant which were not included in the original Motion to Revoke (Vol. 3, P. 45).

APPELLANT'S BRIEF

Officer Cardoza of the Cameron County Sheriff Department testified that on November 9, 1998, a teletype was delivered to the Department advising that Appellant could be picked up on Travis County (Vol. 3, P. 49). The officer testified that the office called on November 17, 1998, and that Appellant would not be released because he had been released to Illinois (Vol. 3, P. 50-51).

Officer Cardoza testified that all Cameron County did upon receiving the original warrant was to place a hold on the Appellant on September 10, 1998 (Vol. 3, P. 53).

The Appellant testified that he was transferred to Illinois on November 19 or November 20, 1998 (Vol. 3, P. 61). Appellant offered Defendant Exhibit 1 which was Travis County booking card showing the Appellant was transferred to Illinois on November 19, 1998 (Vol. 3, P. 62). The Appellant testified that nobody from the Cameron County Sheriff Department or Cameron County District Attorney ever contacted him while in custody (Vol. 3, P. 68).

**Assertion of the right to speedy trial.** Appellant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether he was deprived or not, <u>Barker</u>. Failure to request a speedy trial indicates that he may not want a speedy trial <u>Sinclair v. State</u> 894 S.W.2d 437 (Tex.App.-Austin 1995, no pet.). Herein Appellant through counsel sought immediate pretrial hearing concerning the Appellants long incarceration prior to hearing and alleged violation of the right to speedy trial.

APPELLANT'S BRIEF

10

**Prejudice to defense.** The prejudice factor should be assessed in light of a defendant's interests that the speedy trial was designed to protect and the United States Supreme Court in <u>Barker</u> has identified those interest beings to (1) prevent oppressive pretrial incarceration (2) minimize anxiety and concern of the accused resulting from the pending charges and (3) to limit possibility that the defense will be impaired. Herein the State charged additional violations in the State's Third Amended Motion (Vol. 3, P. 10-11) which were not present had the Appellant been taken to Cameron County for hearing upon the initial detention of the Appellant. Witness Garcia testified that she did nothing on the case and that her case folder showed little or no action after the Appellant was detained in Travis County (Vol. 3, P. 17-18). The Appellant was detained over 321 days before the Cameron County effected a hearing (Vol. 2, P. 6)

In <u>Rodriguez v. State</u>, 804 S.W.2d 516 (Tex.Crim.App. 1991) the Court of Appeals ruled that an unexplained delay of two years between the issuance of the arrest warrant and the Defendant's arrest was fatal and the case was dismissed. In <u>Langston v. State</u>, 800 S.W.2d 553 (Tex.Crim.App. 1990) the Court of Appeals found that the State had failed to meet its burden of showing due diligence when there was an unexplained delay of eight months between the motion to revoke and the Defendant's arrest.

The Courts have even held that even when a probationer leaves the jurisdiction the State must show due diligence, <u>Holtzman v. State</u>, 866 S.W.2d 728 (Tex.App.--Houston [14th Dist] 1993, pet.

APPELLANT'S BRIEF

11

ref'd); probation department was aware that probationer was in Nevada but failed to demonstrate diligent efforts to apprehend, Hunter v. State, 820 S.W.2d 5 (Tex.App.--Austin 1991, no pet.); State failed to show diligence with unexplained delay between issuance of capias and further action against probationer serving probation in Utah, Burch v. State, 821 S.W.2d 385 (Tex.App.--Waco 1991, no pet.)

POINT OF ERROR NO. 2.

The Court erred in not granting Appellant's Motion to Disqualify the Cameron County District Attorney's Office.

**DISCUSSION OF POINT OF ERROR NO. 2**

The Texas Local Government Code proves for District Court removal of county officials, including District Attorneys, for three causes: (1) incompetency, (2) official misconduct; or (3) intoxication, V.T.C.A. Local Gov't Code Sec. 87.013. A jury trial is mandated pursuant to V.T.C.A. Gov't Code Section 87.0189(a) consistent with the requirements of the Government Code.

However the Court has stated that a Defendant can go outside of the Government Code for relief when the District Attorney's actions are such that the proper recourse is disqualification for violation of due process and fair trial pursuant to the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution, State v. Edwards, 683 S.W.2d 1 (Tex.Crim.App. 1990), Ex parte Morgan, 616 S.W.2d 625 (Tex.Cr.App. 1981).

The evidence is clear that the District Attorney of Cameron

APPELLANT'S BRIEF

12

County failed to adequately proceed with the Appellant's hearing and that as a result the Appellant's constitutional rights to due process and a fair trial were violated. Hon. Jeff Strange and Gabriela Garcia, Assistant District Attorneys, testified that they did very little once they learned that Appellant was incarcerated. (Vol. 2). It is apparent from the record that the State's interest in prosecuting the Motion to Revoke was to cover up Cameron County District Attorney's inefficiency in bringing the Appellant before the Court to answer the State's Motion to Revoke. The Cameron County District Attorney should not be awarded for violating Appellant's constitutional rights and the charges against the Appellant should be set aside.

POINT OF ERROR NO. 3.

The Court erred in denying Appellant's Motion to Recuse Judge Robert Garza.

**DISCUSSION OF POINT OF ERROR NO. 3**

The Court of Criminal Appeals has engrafted judicial bias as a common law basis for disqualification of a judge presiding in a case when the bias is of such a character that it denies the defendant due process guarantees under the Federal and State Constitutions McClennan v. State 661 S.W.2d 108 (Tex.Crim.App. 1983), Musick v. State 862 S.W.2d 794 (Tex.App.--El Paso 1993, pet. ref'd).

Before an alleged bias becomes sufficient to warrant the disqualification of a judge, it must stem from an extrajudicial source and result in an opinion on the merits on some basis other

APPELLANT'S BRIEF

13

than that what the judge learned from his participation in the case Kemp v. State 846 S.W.2d 289 (Tex.Crim.App. 1992).

The Defendant having filed a Motion to Recuse pursuant to Tex.R.Civ.Pro. 18a(a) the administrative judge set the motion for hearing before Honorable Judge Menton Murray. Judge Menton Murray committed error in not recusing Judge Robert Garza from presiding over the hearing on the Motion to Revoke (Vol. 2, P. 22-23).

TEX. CONST. art V, Section 11 requires that a judge's duty is to neutral and impartial and when there is evidence that the judge could be influenced by actions aside from the evidence at trial the judge should recuse himself consistent with due process guarantees afford. The record clearly shows that the Appellant and Judge Robert Garza entered into a verbal confrontation prior to the Court considering the Motion to Revoke (Vol. 2, P. 6-9).

The Court in Norton v. State. 755 S.W.2d 522 (Tex.App.Ct. Houston [1st Dist] 1988, rehng denied) found error from a judge's statement that he would give Defendant jail time regardless of the jury's assessment was arbitrary and that the refusal to consider full range of punishment was a denial of due process and evidence of bias sufficient to require recusal.

TEX.CODE CRIM. PROC.ANN art 30.01 outlines the requirement for mandatory provisions required the recusal of a judge and the Court of Appeals in Gamez v. State, 737 S.W.2D 315 (Tex.Crim.App. 1987) stated that bias in addition to TEX.CODE CRIM. PROC.ANN art 30.01 may be a ground for disqualification of a judge where the "bias is shown to be of such a nature and to such an extent as to deny a

APPELLANT'S BRIEF

defendant due process of law, <u>McClendon v. State</u>, 661 S.W.2d 108 (Tex.Crim.App. 1983).

It is clear from the record that the Appellant and Judge Robert Garza had a personal verbal confrontation before the Court considered the merits of the State's Motion to Revoke.. The error to which the Appellant draws attention is to the personal matter of the confrontation which was totally outside the legal parameters established between the Appellant and the Court (Vol. 2, P. 8-9). Constitutional guarantees should be jealously protected by the Court and when they are infringed the Court of Appeals should act to protect such rights. Failure to recuse Judge Robert Garza violated the Appellant's right to due process and a fair trial guaranteed by the United States and Texas Constitutions were violated.

## CONCLUSION AND PRAYER

WHEREFORE, for the above reasons Appellant respectfully requests that said judgment be reversed and remanded to the trial Court, so that an appropriate verdict of acquittal can be entered.

Respectfully submitted,

ALFREDO PADILLA
Attorney for Appellant
State Bar No. 15404600
1000 E. Van Buren
Brownsville, Texas 78521
(956) 544-7100
Fax (956) 544-0647

APPELLANT'S BRIEF

15

## CERTIFICATE OF INTERESTED PARTIES

In order that the Judges of this Court may evaluate possible disqualification or recusal, the undersigned counsel of record certified that the following listed persons have an interest in the outcome of this case:

A. This cause's record attorneys and its Defendant-Appellant.

(1) Edward K. Lafontaine, is represented by Attorney Alfredo Padilla, 1000 E. Van Buren, Brownsville, Texas 78520.

(2) Edward K. Lafontaine was represented at trial by Attorney Chester R. Gonzalez, 117 Price Road, Brownsville, Texas 78521.

(3) The State of Texas is represented by Criminal District Attorney Yolanda de Leon, 974 E. Harrison, Brownsville, Texas 78520. Assistant District Attorneys, Hon. Jeff Strange and Gabriela Garcia, 974 E. Harrison, Brownsville, Texas 78520, prosecuted in the District Court.

ALFREDO PADILLA

APPELLANT'S BRIEF

## CERTIFICATE OF SERVICE

I hereby certify that on the ___8th___ day of February, 2000, a true and correct copy of the foregoing Appellant's Brief was hand-delivered to:

Hon. Yolanda de Leon
Cameron County District Attorney
974 E. Harrison
Brownsville, Texas 78520

_____
ALFREDO PADILLA