

NUMBER 13-99-329-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

| | |
|---|---|
| EDWARD LAFONTAINE, | Appellant, |
| v. | |
| THE STATE OF TEXAS, | Appellee. |

On appeal from the 138th District Court of Cameron County, Texas.

## OPINION

### Before Justices Dorsey, Yañez, and Castillo
### Opinion by Justice Yañez

Appellant, Edward LaFontaine, challenges the revocation of his community supervision. We affirm.

Appellant's community supervision was revoked on May 10, 1999. Appellant argues that the trial court erred by: (1) denying his motion to dismiss the State's motion to revoke community supervision on the basis of an alleged violation of his right to a speedy trial; (2) denying his motion to disqualify the Cameron County District Attorney's Office; and (3) denying his motion to recuse Judge Robert Garza.

## SPEEDY TRIAL

With his first point of error, appellant argues that the trial court erred by not granting his motion to dismiss the State's motion to revoke community supervision. Appellant's motion was based on a claim that the State had violated his right to a speedy trial. Appellant contended that his right to a speedy trial, as guaranteed by the Sixth Amendment of the United States Constitution, article 1, section 10 of the Texas Constitution, and Article 32A.02 of the Texas Code of Criminal Procedure, was violated. Article 32A.02 has been declared unconstitutional by the court of criminal appeals and thus cannot provide a basis for any relief. *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992).

The right to a speedy trial is applicable to community supervision proceedings. *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc). Although the right to speedy trial under the Texas and United States Constitutions are independent, Texas courts look to the federal courts in determining the right to a speedy trial under the Texas Constitution. *Harris v. State*, 827 S.W.2d at 956; *Moreno v. State*, 987 S.W.2d 195, 198 (Tex. App.--Corpus Christi 1999, pet. ref'd). In determining

2

whether a defendant's right to a speedy trial has been violated, we apply a four-factor balancing test. *Barker v. Wingo*, 407 U.S. 514, 531, 92 S.Ct. 2182 (1972); *Moreno*, 987 S.W.2d at 198. The factors we consider are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) prejudice to the defendant from the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182; *Moreno*, 987 S.W.2d at 198. All four factors must be considered together; no one factor alone is either a necessary or sufficient condition to finding a deprivation of the right to a speedy trial. *Moreno*, 987 S.W.2d at 198.

The first step in conducting a speedy trial review is to establish the circumstances surrounding the bringing of the case to trial. *Id*. We conduct a review of the trial court's factual determinations with deference to the trial court's findings. *Id*. Once the facts have been established, we undertake a *de novo* review of the trial court's application of the *Barker* factors to the facts. *Id*. at 199. In the case now before this Court, the trial court, following a hearing, denied appellant's motion to dismiss.

**Length of Delay.**

The delay in the commencement of trial must be sufficient to be presumptively prejudicial before a review of the remaining factors is triggered. *Barker*, 407 U.S. 531 n. 31, 92 S.Ct. 2182. The length of delay is measured, for purposes of speedy trial analysis, from the time a defendant is arrested or formally charged. *Rivera v. State*, 990 S.W.2d 882, 889 (Tex. App.--Austin 1999, pet. ref'd), cert. denied, 528 U.S.

3

1168, 120 S. Ct. 1191 (2000). Most delays of eight months or longer are considered presumptively unreasonable and prejudicial. *Moreno*, 987 S.W.2d at 199.

Appellant was arrested in Austin, Texas, on May 30, 1998. He was incarcerated from that point until the hearing on the State's motion to revoke community supervision, which was held on May 10, 1999. Appellant filed a "motion to dismiss for violation of speedy trial act" on April 21, 1999. The delay in this case was sufficient to trigger a speedy trial inquiry.

**Reason for the Delay.**

The State carries the initial burden of justifying a lengthy delay. *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1996). Different weights should be assigned to different reasons for the delay. *Barker*, 407 U.S. at 531, 92 S.Ct. 2182. A deliberate attempt to delay the trial in order to hamper the defense should be weighed heavily against the State, while a more neutral reason, such as negligence, should be weighed less heavily, but nevertheless should be considered. *Id*. The State's negligence, however innocent, militates against the State, because the ultimate responsibility for such circumstances must rest with the State rather than with the defendant. *Moreno*, 987 S.W.2d at 199.

In the case now before this Court, appellant was arrested on May 30, 1998. Appellant testified that he was arrested because of the warrant issued upon the State's filing of its motion to revoke. Cameron County attempted to retrieve appellant from Travis County on September 3, 1998, but Travis County refused to release him.

4

A Cameron County deputy sheriff testified that Travis County would not release appellant because appellant was being held on a charge brought by Travis County. Appellant admitted that Travis County had a charge against him. The Cameron County Sheriff's Department advised Travis County to notify Cameron County when appellant would be released by Travis County.

Cameron County was notified on November 8, 1998, that appellant was available for release. On November 19, 1998, appellant was released to officials from Logan County, Illinois, where there were charges pending against him. Appellant testified that he pleaded to a charge in Illinois, but later reneged on the plea agreement. A copy of the Illinois plea signed by appellant was admitted in evidence, showing that appellant was credited for 180 days time served. The plea was filed on March 1, 1999. Appellant was released to Cameron County from Logan County after signing the judgment.

The evidence before the trial court showed that much of the delay in holding a hearing on the State's motion to revoke was a result of appellant being held by other jurisdictions. This factor weighs against appellant.

**Assertion of the right to speedy trial.**

A defendant does not have a duty to bring himself to trial; however, he does have a responsibility to assert his right to a speedy trial. *Moreno*, 987 S.W.2d at 200. A defendant's failure to assert his speedy trial right strongly indicates that he did not really want a speedy trial. *Id.* A defendant's assertion of his right to a speedy trial

5

must be viewed in light of his other conduct. *Id.* (*citing United States v. Loud Hawk* 474 U.S. 302, 314, 106 S.Ct. 648, (1986)). Although a motion to dismiss can notify the State and the court of a speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim. *Phillips v. State*, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983).

Appellant did not raise his right to speedy trial until April 21, 1999, and then raised it in the form of a motion to dismiss. Appellant claimed that he wrote several letters while incarcerated in Travis County, addressed "to whom it may concern" at "several addresses [he] had for Cameron County." He also stated that he sent several letters to the trial court requesting a transcript of the trial which resulted in his being placed on probation.[1] According to appellant's own testimony, none of the letters he claims to have sent to the court were requests for a trial or complaints about the lack of a speedy trial. Further, despite his own testimony that he was represented by an attorney during that time, appellant did not file any motions with the trial court in Cameron County.

Appellant made only a minimal effort to assert his speedy trial right, and his eventual assertion of that right was in the context of a motion to dismiss. This strongly suggests that appellant did not actually want a speedy trial, but rather

---

[1] None of the letters appellant claims to have written are contained in the record before this Court.

6

asserted this right only in an effort to avoid trial altogether. This factor weighs against the appellant.

**Prejudice to defendant.**

A defendant invoking his right to a speedy trial is required to make some showing that the delay has been prejudicial. *Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex. Crim. App. 1988); *Moreno*, 987 S.W.2d at 201. Prejudice should be assessed in the light of the interests which the speedy trial right was designed to protect. *Barker*, 407 U.S. at 532, 92 S.Ct. 2182. These interests have been identified as: (1) the prevention of oppressive pre-trial incarceration; (2) the minimization of anxiety and concern to the accused; and (3) the limitation of the possibility that the defense will be impaired. *Id*. In considering the prejudice factor, the reviewing court will not require proof of actual prejudice, but only some showing that the delay has been prejudicial; however, it is the defendant's burden to make a *prima facie* showing of prejudice. *Moreno* 987 S.W.2d at 201. Once the defendant has met his burden, the State has the obligation to prove that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. *Id*. The main concern is whether the defense was impaired by the delay. *Id*.

In the case now before this Court, appellant offered testimony that his incarceration was oppressive because he was prevented from attending his grandmother's funeral. Considering that he was held on charges by two different jurisdictions, aside from Cameron County, during most of his incarceration, it appears

7

that appellant would have missed this funeral even absent the pending motion to revoke his probation. Further, appellant did not claim, nor did he offer any proof, that his defense against the State's motion to revoke probation was impaired by his incarceration. This factor weighs against appellant.

**Application of the *Barker* test.**

Having considered the four factors of the *Barker* balancing test, we hold that appellant's right to a speedy trial was not violated. Although there was a long delay between appellant's arrest and the ultimate disposition of the motion to revoke, that delay was a result of charges pending against appellant in two other jurisdictions. Appellant contacted the trial court on other matters during his incarceration, but only raised his speedy trial right a few weeks before the hearing, and then raised it only in a motion to dismiss, indicating his goal was not to induce a speedy trial, but was actually an effort to avoid trial. Finally, appellant failed to demonstrate that he was prejudiced by the delay between the filing of the motion to revoke and the hearing on the motion. Appellant's first issue is overruled.

**DISQUALIFICATION OF THE CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE**

With his second issue, appellant contends that the trial court erred in denying his motion to disqualify the Cameron County District Attorney's Office. Appellant offers only one cite to the record to support his argument, that being a cite to the

"Vol.2" of the record.[2] Appellant has failed to properly brief this point. *See* TEX. R. APP. P. 38.1 (h) (briefs must contain appropriate cites to the record).

Appellant argues that the District Attorney's office sought to revoke his probation in an effort to distract attention from their negligence in bringing the motion to revoke to a hearing. According to appellant, the prosecution of the motion to revoke was motivated by the District Attorney's desire to "cover up [the District Attorney's] inefficiency in bringing Appellant before the Court to answer the State's Motion to Revoke." (capitalization in original). Appellant's argument is essentially that the District Attorney is prosecuting him to conceal a failure to prosecute him sooner.

The local government code provides for the removal of a District Attorney for incompetency, official misconduct, or intoxication. TEX. LOC. GOV'T CODE ANN. § 87.013 (Vernon 1999). A trial court may remove a District Attorney only for one of the three causes enumerated in section 87.013, and only after a trial by jury. *State ex rel. Eidson v. Edwards*, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990). Official misconduct is defined as meaning intentional, unlawful behavior relating to official duties. TEX. LOC. GOV'T CODE ANN. § 87.011(3) (Vernon 1999). In the case now before us, appellant does not claim that the District Attorney's Office has acted unlawfully, but rather that it is being vindictive in bringing the motion to revoke to a hearing after having been negligent in failing to bring it to hearing sooner. Essentially,

---

[2]Volume 2 is the reporter's record of the hearing on appellant's motion to recuse Judge Garza.

9

appellant argues that the District Attorney's Office is doing its job, but doing it for the wrong reason.

Appellant argues that removal can be required if the District Attorney's conduct constitutes a violation of his due process rights under the United States Constitution. The court of criminal appeals has stated that a:

> trial court judge is without legal authority to remove a District Attorney from a case and, as such, any order attempting to do so is void.
> There may be instances when a prosecutor must recuse himself from the prosecution of an individual. If there is a conflict of interests on the part of the district attorney or his assistants however, the responsibility of recusal lies with them, not with the trial court judge. We do not wish to imply that a defendant would be left without recourse if the prosecution's failure to recuse itself violated his due process rights. If, for example, a prosecutor who had previously represented a defendant later personally prosecuted the defendant in the same matter, the defendant's conviction would violate the Fourteenth Amendment of the United States Constitution and Article I, Section 19 of the Texas Constitution.

*State ex rel. Eidson*, 793 S.W.2d at 4-5 (citations omitted).

Appellant has failed to show that there were circumstances that would require any of the prosecutors at the Cameron County District Attorney's Office to recuse themselves in order to avoid violating his constitutional rights. Appellant has not shown any conflicts of interest. His complaint is essentially that the District Attorney is now prosecuting him, having failed to do so sooner. Appellant has not shown that the District Attorney engaged in any wrongful conduct in prosecuting this case. Appellant's second issue is overruled.

10

## RECUSAL OF THE TRIAL JUDGE

With his third issue on appeal, appellant argues that the trial court erred by denying his motion to recuse Judge Garza. A hearing was held on the motion, with Judge Menton Murray presiding. The only evidence offered was testimony by appellant. Following the hearing, Judge Murray denied the motion.

We apply an abuse of discretion standard when reviewing the denial of a motion to recuse. *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992) (citing TEX. R. CIV. P. 18a(f)). Under this standard, an appellate court should not reverse a ruling on a motion to recuse that is within the zone of reasonable disagreement. *Id*. A defendant alleging bias as a ground for recusal must provide facts sufficient to establish that a reasonable person, knowing all the circumstances involved, would harbor doubts as to the impartiality of the trial judge. *Id.* at 305. Bias must be shown to be of such nature, and to such extent, as to deny the defendant due process of law. *Id*.

At the hearing on the motion to recuse, appellant testified that he did not believe Judge Garza would be impartial because of an exchange of words between appellant and Judge Garza following a hearing before the court. Appellant apparently informed Judge Garza that the judge needed to "get a life," which prompted a response by Judge Garza. Appellant also stated that he felt that Judge Garza was unsympathetic to appellant's claim that his right to a speedy trial had been violated.

11

Appellant has established only that he made some rude comments to Judge Garza, to which the judge replied. He has not raised any evidence that Judge Garza would be biased against him so as to endanger appellant's right to due process of law. We find that Judge Murray was within his discretion in concluding that appellant failed to present such evidence of bias that a reasonable person would harbor doubts as to Judge Garza's impartiality. Appellant's third issue is overruled.

The judgment of the trial court is AFFIRMED.

LINDA REYNA YAÑEZ
Justice

Do not publish. TEX. R. APP. P. 47.3.

Opinion delivered and filed this the
1st day of March, 2001.

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

MAR 0 1 2001

Cathy Wilborn
CLERK