

IN THE COURT OF APPEALS FOR THE THIRTEENTH DISTRICT
OF TEXAS

# 13-99-00329-CR

ON APPEAL FOR THE 138TH DISTRICT COURT OF CAMERON COUNTY

# 96-CR-1627-B

**F I L E D**
IN THE 13TH COURT OF APPEALS

EDWARD LAFONTAINE,
     APPELLANT

MAR 0 7 2001

VS.

CATHY ___, CLERK
BY _____

THE STATE OF TEXAS,
     APPELLEE

## APPELLANT'S MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE PANEL OF THE COURT OF APPEALS:

COMES NOW EDWARD LAFONTAINE, Appellant, in the above referenced matter and moves the Panel, on the one hand, and the entire Court En Banc, on the other hand, to withdraw its opinion of March 1, 2001, overruling Appellant's grounds on appeal, and would show the Court as follows:

I.

Appellant contends in its first point requesting a rehearing that the Court of Appeals erred in ruling that the points of error are overruled. The record is clear that the State of Texas, through the District Attorney and Sheriff, violated the Appellant's rights to a speedy trial. The evidence at the Motion to Revoke

APPELLANT'S MOTION FOR REHEARING                            1



COPY

RECEIVED MAR - 7 2001
RECEIVED MAR - 7 2001

Community Supervision hearing clearly showed an unreasonable length of delay in bringing the Appellant before the Court for hearing on the State's Motion to Revoke Community Supervision.

Furthermore there was no reasonable reason for the delay as the evidence clearly showed at the hearing that Appellant was subject to being transferred to Cameron County at anytime but that the Cameron County Sheriff did not make efforts to return the Appellant to Cameron County until the Appellant was transferred to another jurisdiction. The Cameron County deputy responsible for transferring the Appellant testified that only made certain phone calls in an effort to decide whether to bring Appellant from Travis County and was unsure as to when the Appellant had been available for transfer to Cameron County. The Appellant's rights to a fair trial and due process were hindered by the ineffective efforts of the Cameron County Sheriff's office.

The Appellant had asserted his right to a speedy trial and never waived his right to a speedy trial. The Appellant was not appointed counsel until after he had been returned to Cameron County and a time lapse of at least nine months had occurred. Appellant had no ability to request a speedy trial and when compared to the Cameron County's actions it was the State's action or lack thereof that clearly violated his right to a speedy trial.

Appellant was clearly prejudiced by the fact that he was not returned to Cameron County. The evidence clearly showed that additional charges were levied against him in the form of delinquent payment and alleged criminal violations. The Court in

its decision making clearly used the Appellant's subsequent conviction as a grounds for revocation and had the Cameron County Sheriff Department moved Appellant from Travis County to Cameron County prior to his removal from the State the Court could not have used the Appellant's subsequent conviction against the Appellant. Furthermore the Appellant was prejudiced by the delay in the fact that the delay in the hearing caused additional fees to accrue which were one of the basis for revocation.

The Court of Appeals on its judgment dated March 1, 2001, and for which Appellant herein seeks rehearing, has ruled that the evidence clearly shows that Appellant waived speedy trial and that the delay in returning him to Cameron County was justified.

The Court in reading the record will readily apprise itself of the fact that the Appellant was transferred only after Cameron County had an opportunity to transfer the Appellant to Cameron County. There was no time for Appellant to file the speedy trial request because Appellant, as the testimony indicates, was attempting to get transferred to Cameron County to prove that he had not violated the conditions of community supervision.

Due to the Court's ruling which are totally contrary and inconsistent concerning the factual matters concerning the Motion to Revoke Community Supervision the Appellant herein seeks that he be allowed a rehearing before the Court En Banc in order to address the improper findings made by the honorable Court of Appeals.

CONCLUSION AND REQUEST FOR RELIEF

Appellant prays that the Court of Appeals withdraw its Panel

APPELLANT'S MOTION FOR REHEARING                                           3

Opinion of March 1, 2001.

     The Court of Appeals should consider Appellant's Points of Error and rule accordingly and remand the case to the trial court for new trial.

Respectfully submitted,

ALFREDO PADILLA
Attorney for Appellant
  EDWARD LAFONTIANE
State Bar No. 15404600
1000 E. Van Buren
Brownsville, Texas 78520
(956) 544-0647
Fax (956) 544-0647

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of March, 2001, a true and correct copy of the foregoing Appellant's Motion for Rehearing was hand-delivered to:

Hon. Yolanda de Leon
Cameron County District Attorney
974 E. Harrison
Brownsville, Texas 78520

ALFREDO PADILLA